### *In re* KOPP'S ESTATE.

*(Surrogate's Court, New York County.  June 27, 1888.)*

1. GUARDIAN AND WARD—ACCOUNTING—RENTS.
   A guardian is chargeable with rents of premises in which his ward has an interest, and which are occupied by himself.

2. SAME—TAXES—WATER-RENTS—PAYMENTS AFTER WARD'S MATURITY.
   A guardian who pays taxes and water-rents on the ward's property after the ward comes of age, and without his knowledge or consent, cannot credit himself in his account therewith.

3. SAME—COMMISSIONS—MALADMINISTRATION—IGNORANCE.
   A guardian who is guilty of maladministration of the ward's estate loses his commissions, and is chargeable with the costs of reference, and cannot be excused on the ground of ignorance.

Objections to account of Gottlieb Kopp, general guardian, by the ward.

*Arthur P Hilton,* for contestant.  *Frank H. Rodenburg,* for the guardian.  *John P. Schmitt,* for executors.

RANSOM, Surr.  The above general guardian filed his account upon his ward attaining majority.  Objections to the same were filed by the ward, and the account and objections were sent to a referee.  His report has been filed, to which exceptions are taken by the ward.  The two exceptions relate to the findings that (1) imply that the guardian is entitled to commissions; and (2) that the costs of this proceeding should be paid from the estate.  From

the testimony taken it appears that when the ward attained his majority, in 1885, the guardian turned over to him $1,107.95, claiming that that sum was all the money in his hands belonging to the ward; whereas he actually had $2,144.79, with which sum the referee has charged him. It further appears that the guardian received from the savings bank more interest than he charged to himself, which sum the referee has charged against him. It further appears that the guardian failed to charge himself with certain rents of premises in which his ward had an interest, and which he himself occupied. The ward's share in these rents has been correctly charged against the guardian by the referee. It further appears from the testimony, and is correctly found by the referee, that the guardian permitted the step-mother of his ward to occupy and remain in possession of the premises above referred to, and to collect the rents thereof, without herself accounting therefor; and, further, that after the ward became of age the guardian, without his knowledge or consent, paid taxes, water-rents, etc., upon said premises. These taxes, etc., cannot properly constitute a portion of his account.

The question of granting or refusing commissions is so well settled to be entirely in the discretion of the surrogate that it is unnecessary to discuss that point or to cite any authorities to sustain it. The evidence shows maladministration of the ward's estate by the guardian. This is substantially found by the referee, who, however, excuses the guardian on the score of ignorance. Ignorance is no excuse in law. This is an eminently proper case to disallow all commissions, and the facts not only justify, but demand, that such a course be taken, and that, furthermore, the entire costs of this proceeding be charged upon the guardian personally.