OPINION OF THE COURT
Renee R. Roth, S.
The residuary beneficiary of the estate of Chofeng Lin Lee requests permission to file a late renunciation of his legacy. The question is whether, for purposes of satisfying the disclaimer provisions of the Internal Revenue Code, the document is valid as a common-law renunciation or, if not, *690 whether it may be accepted nunc pro tune as of the date of execution.
Mrs. Lee died on May 2, 1991, survived by her husband, Hsin Chih, and their son, Kai Nien. Under article second of her will, testatrix left her residuary estate to her husband (Mr. Lee) or, if he predeceased, to their son. Mr. Lee was appointed executor.
On January 27, 1992, less than nine months after Mrs. Lee’s death, her husband duly executed a renunciation of his bequest. Pursuant to New York’s governing statute, EPTL 2-1.11, he also executed a supporting affidavit that no consideration had been paid for the renunciation. The statutory requirement of notice to the fiduciary was satisfied because the renouncing beneficiary is himself the executor.
The one remaining statutory requirement, however, was not fulfilled. Instead of filing the renunciation with the court, the executor’s attorney put the document in his file. The nine-month period for filing has expired. As a result, petitioner assumes that the attempted renunciation will fail to qualify as a disclaimer for gift tax purposes under section 2518 of the Internal Revenue Code (26 USC). Even if the court accepts the renunciation for late filing, petitioner is concerned that the time requirement of Internal Revenue Code § 2518 will not be satisfied unless such filing is deemed by the court to be retroactive to the date the document was signed.
It is clear that although under EPTL 2-1.11 (b) (2) the court is authorized, in its discretion upon a showing of reasonable cause, to extend the time for filing a renunciation (Matter of Moran, NYLJ, Aug. 10, 1981, at 14, col 4; Matter of Van Nuys, NYLJ, July 25, 1978, at 7, col 2), there is no provision for such filing nunc pro tune. It is observed that a late renunciation is frequently allowed where the disclaimant’s objectives do not include tax benefits, making the question of retroactivity irrelevant. In the absence of express statutory authority, a request for nunc pro tune filing has been denied in a situation similar to the instant case because the qualified disclaimer requirements were otherwise met (Matter of Van Nuys, supra [in which disclaimant failed to satisfy the prior New York rule requiring filing within six months]; cf., Matter of Witz, 95 Misc 2d 36). The question is whether nunc pro tune relief is necessary to qualify the purported renunciation as a disclaimer for gift tax purposes.
It is noted parenthetically that while the word "renuncia *691 tian” is used in the New York statute, the Federal tax statutes refer to "disclaimers”. The requirements for a qualified disclaimer are found in section 2518 (b) of the Internal Revenue Code, which provides in relevant part as follows:
"For purposes of subsection (a), the term 'qualified disclaimer’ means an irrevocable and unqualified refusal by a person to accept an interest in property but only if—
"(1) such refusal is in writing,
"(2) such refusal is received by [the executor] not later than the date which is 9 months after * * *
"(A) [the date of the testator’s death] * * *
"(3) such person has not accepted the interest or any of its benefits, and
"(4) as a result of such refusal, the interest passes without any direction on the part of the person making the disclaimer and passes * * *
"(B) to a person other than the person making the disclaimer.”
Mr. Lee’s purported renunciation complies in almost all respects with the above-quoted statute. The document was an irrevocable and unqualified refusal to accept the bequest, in writing, received by the executor no later than nine months after decedent’s death, and the disclaimant has not accepted the bequest or any of its benefits.
It is not clear, however, whether the attempted renunciation will satisfy the requirement of subdivision (b) (4) of Internal Revenue Code § 2518 that the property pass to another person without any direction on the part of the disclaim-ant. But the "passing” requirement would be satisfied if, under New York law, the instrument is an effective renunciation of the husband’s interest in the bequest.
As mentioned earlier, the document was not filed with the court and thus, under EPTL 2-1.11, no valid renunciation was made within the nine-month period specified in section 2518 of the Code. The court’s acceptance of the instrument for late filing would result in a valid renunciation under New York law. But since paragraph (b) (2) of EPTL 2-1.11 provides that such renunciation would be effective only as of the date of filing, petitioner assumes that his late filing would not satisfy the Federal time requirement without the requested nunc pro tune relief (see, e.g., Matter of Van Nuys, supra).
We consider first whether the purported renunciation is *692 valid under common law, since subdivision (b) of EPTL 2-1.11 provides that statutes governing renunciations are not exclusive and do not abridge the right to renounce under common law. A history of the law of renunciations in New York was provided by former Surrogate Sobel in Matter of Fienga (75 Misc 2d 233).
Prior to 1964, there were no statutes in New York governing renunciations. At common law, however, a legatee under a will could always renounce on the theory that a testamentary disposition was an "offer” of a gift and title did not vest until the offer was accepted. A distributee, on the other hand, did not have that option because an intestate share vested in the distributee by operation of law at the time of decedent’s death.
Consequently, New York’s first renunciation statute, enacted in 1964, covered intestate shares (Decedent Estate Law § 87-a, eff June 1, 1965; recodified as EPTL 4-1.3, eff Sept. 1, 1967; recodified as EPTL 2-1.11, eff Aug. 11, 1977). It was not until 1971 that a statute codified the decisional law governing the renunciation of testamentary dispositions (EPTL 3-3.10, eff Nov. 5, 1971; recodified as EPTL 2-1.11, eff Aug. 11, 1978).
The legislative history indicates that EPTL 3-3.10 was enacted to provide "an exclusive procedure for renunciation by testamentary beneficiaries” (see, 1971 NY Legis Ann, at 134; see also, 3d Report of Temp St Commn on Estates, 1964 NY Legis Doc No. 19, at 261).
But such expressed intent appeared to be at odds with subdivision (g) of EPTL 3-3.10, which provided that no rights of a beneficiary to renounce under any other statute or under common law were to be abridged.
In 1978, EPTL 4-1.3 and 3-3.10 were combined into EPTL 2-1.11, which now governs disclaimers of both intestate shares and testamentary dispositions. The provision protecting existing renunciation rights was retained as subdivision (h) of EPTL 2-1.11 (the "quoted paragraph”), which reads as follows: "This section shall not abridge the right of any beneficiary or any other person to assign, convey, release or renounce any property or interest therein arising under any other section of this chapter or other statute or under common law.”
The quoted paragraph was also retained in 1981, when the scope of the statute was expanded to cover trust agreements, powers of appointment, Totten trusts, life insurance, pension plans and "any other disposition or transfer created by any testamentary or nontestamentary instrument, or by operation of law” (EPTL 2-1.11 [a] [1]).
*693 The presence of the quoted paragraph does not conflict with the legislative intention that statutory formalities be observed for those renunciations sought to be regulated. Indeed, a commentator has noted that "[nationwide, and in New York State, there is clear evidence that the common-law right to disclaim has remained unimpaired by statute, except where the procedure for making enumerated types of disclaimers has been codified” (Rohan, Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, EPTL 2-1.11, at 262 [emphasis added]).
It surely was not the Legislature’s purpose that subdivision (h) be used to cure a defective renunciation which was intended to comply with the statute but failed in the attempt. To allow such an exception would make a virtual nullity of the statute. Accordingly, the court holds that subdivision (h) of EPTL 2-1.11 may be properly invoked in only those situations which the statute did not contemplate, such as, inter alla, where the disclaimant renounces a contingent interest (Matter of Heffner, 132 Misc 2d 361); where, by compromise agreement, a will is not offered for probate (Matter of Von Ripper, 95 Misc 2d 952); and where a witness orally renounces on the stand in order to avoid the exclusion of his or her testimony under CPLR 4519, the Dead Man’s Statute (In re Berrien’s Will, 12 NYS 585).
Thus, in the absence of some remedial action by this court, Mr. Lee’s writing is not a valid renunciation under New York law and it is questionable whether a disclaimer which is not valid under State law can satisfy the "passing” requirement of section 2518 (b) (4) of the Code.
However, in 1981, an alternative to the above requirement of the Code was enacted (subdivision [c] [3] of Internal Revenue Code § 2518) so that "a disclaimant should be able to perfect an otherwise valid disclaimer by directing that the interest pass to the person who would have received the property had the refusal been effective under local law” (Senate Report No. 97-144, 97th Cong 142, reprinted in 1981 US Code Cong & Admin News 105, 242).
Section 2518 (c) (3) provides as follows:
"A written transfer of the transferor’s entire interest in the property—
"(A) which meets requirements similar to the requirements of paragraphs (2) and (3) of subsection (b), and
"(B) which is to a person or persons who would have *694 received the property had the transferor made a qualified disclaimer (within the meaning of subsection [b]),
"shall be treated as a qualified disclaimer.”
As discussed earlier, the above-described requirements of paragraphs (2) and (3) of section 2518 (b) have unquestionably been met. The only remaining issue is whether section 2518 (c) (3) (B), which requires a transfer to the person to whom the disclaimed property would pass, has also been satisfied. It is clear that Mr. Lee intended to pass his entire interest under decedent’s will to his son. The purported renunciation is in writing, signed and acknowledged. Such an instrument meets the requirements of a valid instrument of transfer in New York and there is no reason why it should not be given effect as such (see, e.g., General Obligations Law § 5-703).
Accordingly, the court determines that the writing was effective to transfer Mr. Lee’s entire interest in the bequest of his son. By virtue of this ruling, Mr. Lee has met the requirement of section 2518 (c) (3) (B) of the Code that he make a "transfer of [his] entire interest in the property * * * to a person * * * who would have received the property had [he] made a qualified disclaimer”.
Since Mr. Lee has already met the Federal disclaimer requirements, his request to file the purported renunciation nunc pro tune is moot. For recording purposes, the time for filing the document is extended until two weeks from the date of entry of the order to be submitted herein.