OPINION OF THE COURT
Eve Preminger, S.
*629 This contested application for permission to file a late renunciation is unusual in that petitioner is not the renouncing party, but a person whose interest would be accelerated by the filing of a renunciation. Respondent — the renouncing party — seeks to retract her renunciation and therefore opposes the relief.
The essential facts are undisputed. Decedent died intestate on November 16, 2002. His wife, the respondent, is his sole distributee. The only asset of the estate — with the possible exception of tangible personal property — is the anticipated devise of a one-third interest in certain real property under the will of the decedent’s mother, who died May 10, 2000 but whose will, as of the commencement of this proceeding, has not been offered for probate. Petitioner (who is decedent’s brother and nominated executor of their mother’s will) and decedent’s sister are devisees of the remaining two-thirds interest in such property.
Five days after the decedent’s death, decedent’s spouse, while visiting petitioner, executed a renunciation prepared by petitioner’s counsel, whereby she renounced her interest in decedent’s share of his mother’s estate. She also executed an affidavit in support of her renunciation. Petitioner retained the renunciation and accompanying affidavit but neglected to file the documents within nine months of the decedent’s death, the period prescribed by EPTL 2-1.11 (b) (2). Accounts differ as to whether decedent’s spouse ever intended to renounce her intestate share; petitioner, however, now seeks to file the renunciation over respondent’s objection.
On September 16, 2003,10 months after the decedent’s death, decedent’s spouse applied for letters of administration for the sole purpose of enabling her to collect decedent’s devise under his mother’s will. Letters of administration were issued on September 23, 2003. On December 12, 2003, petitioner commenced the instant proceeding seeking an extension of time in which to file respondent’s renunciation. Petitioner’s sister has filed an affidavit in support of the petition and has joined in petitioner’s memoranda of law.
Respondent, first by asserting a claim to decedent’s interest under his mother’s will, then by opposing petitioner’s request for leave to file her renunciation, has retracted her unfiled renunciation. Petitioner would have the court find reasonable cause to disregard such retraction (see EPTL 2-1.11 [b] [2]). The court finds none.
Whether a renunciation may be retracted before it has been filed has not been decided expressly. Although courts have *630 considered the validity of an unfiled renunciation (Matter of Chofeng Lin Lee, 155 Misc 2d 689, 691 [1992]; Matter of Israel, NYLJ, Nov. 23, 1992, at 30, col 5), the validity of a renunciation that has not been timely filed (Matter of Condon, NYLJ, June 27, 1990, at 22, col 5; Matter of Berfond, NYLJ, Oct. 4, 1983, at 13, col 4), and the irrevocability of a filed renunciation (Matter of Munch, 125 Misc 2d 610 [1984]), the presentation of this particular set of facts appears to be one of first impression.
Petitioner claims respondent’s delivery of the executed renunciation and affidavit to him was tantamount to filing them with the court, because respondent had performed all that was necessary to effectuate the renunciation, save the ministerial act of filing. He further argues respondent should be estopped from objecting to the late filing of her renunciation because he and his sister altered their position in reliance upon respondent’s renunciation. Petitioner suggests they otherwise would have contested the validity of decedent’s marriage to respondent and decedent’s designation of respondent as beneficiary of his pension and insurance.*
Petitioner’s attempt to analyze a renunciation as though it were a gift is erroneous: a renouncing party, lacking control over the disposition of disclaimed funds, is not a donor. Unlike a gift, a renunciation is rendered irrevocable only by the “ministerial act” of filing. According to the governing statute, a renunciation must be filed with the court and “shall be effective as of the date of such filing” (EPTL 2-1.11 [b] [2]); once filed, a renunciation is irrevocable (EPTL 2-1.11 [g]). Nothing in the statute would suggest a renunciation may not be retracted before it has been filed. In fact, the statute makes clear a renunciation is valid only upon filing.
At any rate, even if petitioner has altered his position in reliance upon respondent’s renunciation, the dilatory tactics responsible for his misfortune are his own. Petitioner was in a unique position to file the renunciation in a timely fashion. Petitioner’s contention — that he should not be made to suffer the consequences of his mistaken belief that the filing of a renunciation is dependent upon the filing of an application for let *631 ters — is without merit. It is axiomatic that ignorance of the law is no excuse (see e.g. Matter of Kopp, 2 NYS 495 [1888]).
Accordingly, petitioner’s request for an extension of time in which to file respondent’s renunciation is denied. This decision constitutes the order of the court.

 Asserting only that decedent was terminally ill when he married respondent four months before his death, petitioner alleges no basis for invalidating the marriage. Indeed, petitioner undermines his own credibility by stating decedent married respondent the day before undergoing surgery to ensure that respondent “was provided with certain assets in the event he did not survive the surgery” (petitioner’s mem of law at 25).