[894 NYS2d 349]

In the Matter of ENQUIRE PRINTING AND PUBLISHING CO., INC.,
as Creditor of PAMELA TURNER, Administrator of the Estate
of MARGARET TURNER, Deceased.

Surrogate's Court, Nassau County, December 14, 2009

APPEARANCES OF COUNSEL

*Shatzkin & Mayer, P.C.*, New York City, for petitioner. *Pamela Turner*, administrator pro se.

## OPINION OF THE COURT

JOHN B. RIORDAN, J.

The petitioner in this proceeding, a judgment creditor of the sole distributee, has been attempting since March of 2007 to levy against estate real property without success. The judgment in the initial amount of $128,619.93 was obtained and docketed in Queens County on March 7, 2007. However, the petitioner, a corporation, alleges that it has been unable to docket the judgment in Nassau County where the real property is situate since the sole distributee is not a record holder of real property in Nassau County.

The present proceeding seeks an order directing the administratrix, who is also the sole distributee and judgment debtor, to sell the realty in order to collect on the judgment.

The administratrix in her answer admits the allegation that upon decedent's death title to the realty passed to her but further alleges that she "waived any interest as sole distributee of the decedent by her purposeful failure to take legal title to the real property."

Rather than seeking a sale, the petitioner's proper remedy is to seek enforcement of its judgment under article 52 of the CPLR. While CPLR 5221 provides that enforcement proceedings shall be commenced either in the Supreme Court or the County Court, in the case of *Matter of Lupoli* (275 AD2d 44 [2d Dept 2000], *lv dismissed* 97 NY2d 649 [2001], *lv denied* 99 NY2d 503 [2002]), the Appellate Division, relying on the seminal case of *Matter of Piccione* (57 NY2d 278 [1982]) held that the Surrogate's Court had the power to enforce an information subpoena issued in connection with enforcement of a judgment even though CPLR 5221 seems to confine it to the Supreme and County Courts. In *Matter of Piccione* (57 NY2d 278, 288 [1982]), the Court of Appeals held that "for the Surrogate's Court to decline jurisdiction, it should be abundantly clear that the mat-

ter in controversy in no way affects the affairs of the decedent or the administration of his estate."

Since whether the administratrix is seized with title to the decedent's realty is a question relating to "the affairs of a decedent," this court has jurisdiction "to effect a complete disposition on the matter before it" (*Matter of Elderenbosch*, 11 AD3d 685, 687 [2d Dept 2004]; *Matter of Abramson*, NYLJ, July 8, 2002, at 23, col 6). A determination on title to the realty is also imperative to clarify record title to the premises for purposes of docketing the judgment in this county.

While the administratrix's answer admits the petitioner's allegation that title to the realty vested in her on the decedent's death, she incorrectly concludes that since she did not take "legal title" (presumably by a deed) she is no longer vested. However, taking some affirmative act by a distributee of realty is completely unnecessary since real property of the decedent descends immediately upon death to his distributees or devisees (*DiSanto v Wellcraft Mar. Corp.*, 149 AD2d 560 [2d Dept 1989]; *Matter of Frank*, 123 NYS2d 452 [Sur Ct, Erie County 1953]).

In the answer, the administratrix also contends that although the decedent died intestate, it was her stated wish that the property pass to her granddaughter, the daughter of the administratrix. The administratrix argues that her failure "to take title" to the property "indicates a clear intention to waive her intestate succession rights to the estate property." However, the only way to effectively renounce a beneficial interest in an estate is by filing a timely renunciation (EPTL 2-1.11). Although the administratrix could have renounced her interest in the property to avoid her creditors had she done so within nine months of the decedent's death (*Matter of Molloy v Bane*, 214 AD2d 171, 174 [2d Dept 1995]), no renunciation was filed and there is no authority for the filing of a renunciation nunc pro tunc (*Matter of Eversley*, 8 Misc 3d 1003[A], 2005 NY Slip Op 50916[U] [Sur Ct, Nassau County 2005]; *Matter of Chofeng Lin Lee*, 155 Misc 2d 689 [Sur Ct, NY County 1992]). Thus, title to the property remains vested in her.

Since the filing of a transcript of an order or decree of this court requires the County Clerk to docket it as the equivalent of a Supreme Court judgment (SCPA 603), the judgment creditor is directed to file any necessary papers including the transcript of judgment from Queens County with the Nassau County Clerk who is directed to docket the judgment against Pamela Turner, the judgment debtor, and index the same against the real prop-

erty owned by her known as section 11, block 409, lot 13 on the Nassau County Land and Tax Map, and also known as 847 Sharon Lane, Westbury, New York, 11590 upon the filing of a transcript of this order with the County Clerk. Upon the judgment being duly docketed execution can issue to the sheriff.