In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martin, J.), dated May 9, 2013, which granted the defendant’s motion pursuant to CFLR 3211 (a) (5) to dismiss the complaint as time-barred and denied the plaintiffs cross motion pursuant to CFLR 306-b and 2004 to extend the time to serve the summons and complaint.
Ordered that the order is affirmed, with costs.
On December 17, 2007, a vehicle operated by James Decaro collided with a vehicle operated by the plaintiff. Decaro died on April 4, 2009, of causes unrelated to the accident. On June 8, 2012, the plaintiff filed a summons and complaint naming “The Estate of James Decaro” as the defendant, seeking to recover damages for personal injuries resulting from the subject ac *750 cident. However, a personal representative for Decaro’s estate was not appointed until September 25, 2012.
The Supreme Court properly granted the defendant’s motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred. Because a plaintiff is unable to commence an action during the period of time between the death of a potential defendant and the appointment of a representative of the estate, the purported action commenced on June 8, 2012, was a nullity (see Arbelaez v Chun Kuei Wu, 18 AD3d 583, 584 [2005]; Dime Sav. Bank of N.Y. v Luna, 302 AD2d 558 [2003]; Laurenti v Teatom, 210 AD2d 300, 301 [1994]). Further, the three-year statute of limitations, as tolled for 18 months by CPLR 210 (b) due to Decaro’s death, expired on June 17, 2012 (see CPLR 214 [5]).
The Supreme Court also properly denied the plaintiffs cross motion pursuant to CPLR 306-b to extend the time to serve the summons and complaint. While this provision allows for the extension of time to serve the summons and complaint after an action has been properly commenced, it does not allow a court to extend the time limited by law for the commencement of an action (see CPLR 201).
Rivera, J.P, Lott, Miller and Duffy, JJ, concur.