■ DMITRY GORBATY, Appellant, v ELENA BRODSKY, Respondent. ALL MEDICAL CARE, LLP, Nonparty Respondent. [12 NYS3d 235]—In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Kings County (Spodek, J.), dated January 4, 2013, which, inter alia, denied his motion pursuant to CPLR 306-b for leave to extend the time to serve the summons and complaint upon a representative of the estate of the defendant

and for leave to amend the complaint to add All Medical Care, LLP, as an additional defendant.

Ordered that the matter is remitted to the Supreme Court, Kings County, for further proceedings to determine the date of the defendant's death, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, shall file its report with all convenient speed.

While the order appealed from indicates that the defendant died prior to the commencement of the action, the record does not contain any evidence of the date of the defendant's death. If the defendant died prior to the commencement of the action, the action would have been a legal nullity from its inception, the order appealed from would be a nullity, and this Court would have no jurisdiction to entertain the appeal (*see Rivera v Bruchim*, 103 AD3d 700, 700-701 [2013]; *JPMorgan Chase Bank, N.A. v Rosemberg*, 90 AD3d 713, 714 [2011]; *Rocha v Figueiredo*, 50 AD3d 876, 877 [2008]). Under these circumstances, we remit the matter to the Supreme Court, Kings County, for further proceedings to determine the date of the defendant's death. The appeal will be held in abeyance pending our receipt of the Supreme Court's report. Dillon, J.P., Dickerson, Chambers and Roman, JJ., concur.