■ Iryna Krysa, Respondent, v Estate of Elmaz N. Qyra, Appellant. [24 NYS3d 534]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated October 10, 2014, as denied its motion for summary judgment dismissing the complaint.

Ordered that the appeal is dismissed, the order dated October 10, 2014, is vacated, and the complaint is dismissed, with costs payable by the plaintiff.

In this action to recover damages for alleged injuries arising from a vehicular accident, the plaintiff did not commence this action against the operator of the offending vehicle until several months after the operator died. Since "[a] party may not commence a legal action or proceeding against a dead person" (*Jordan v City of New York*, 23 AD3d 436, 437 [2005]), the action was a nullity from its inception, and the plaintiff was instead required to commence an action against the personal representative of the decedent's estate (*see Gorbaty v*

*Brodsky*, 129 AD3d 1023 [2015]; *Hollowell v Decaro*, 118 AD3d 749 [2014]; *Rivera v Bruchim*, 103 AD3d 700 [2013]; *Wendover Fin. Servs. v Ridgeway*, 93 AD3d 1156 [2012]; *Maldonado v Law Off. of Mary A. Bjork*, 64 AD3d 425 [2009]; *Marte v Graber*, 58 AD3d 1 [2008]; *Arbelaez v Chun Kuei Wu*, 18 AD3d 583 [2005]; *Laurenti v Teatom*, 210 AD2d 300 [1994]). Moreover, the plaintiff's attempt to amend the caption of the void complaint to designate the decedent's estate as the defendant was invalid (*see Wendover Fin. Servs. v Ridgeway*, 93 AD3d at 1157-1158; *Marte v Graber*, 58 AD3d at 4-5). The plaintiff never properly commenced an action against the decedent's personal representative, and the time within which to do so had expired prior to the defendant's motion for summary judgment.

The plaintiff's remaining contentions are without merit.

Accordingly, the appeal must be dismissed, the order dated October 10, 2014 must be vacated, and the complaint must be dismissed. Mastro, J.P., Leventhal, Austin and LaSalle, JJ., concur.