# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**496**
**CA 15-01767**
PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

SCOTT SCHAFFER, PLAINTIFF-APPELLANT,

V                                                MEMORANDUM AND ORDER

LORRAINE JASKOWIAK AND LEONARD J.
JASKOWIAK (DECEASED), DEFENDANTS-RESPONDENTS.

---

ATHARI & ASSOCIATES, LLC, NEW HARTFORD (ANDREW L. BOUGHRUM OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

BARCLAY DAMON, LLP, BUFFALO (DAVID M. HEHR OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John A.
Michalek, J.), entered July 14, 2015. The order granted the motion of
defendants for summary judgment and dismissed the complaint.

It is hereby ORDERED that said appeal insofar as it concerns
defendant Leonard J. Jaskowiak (Deceased) is unanimously dismissed,
that part of the order concerning that defendant is vacated and the
complaint against that defendant is dismissed, and the order is
otherwise affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he allegedly sustained as a result of exposure to lead paint
as a child while living in an apartment owned by Lorraine Jaskowiak
(defendant) and Leonard J. Jaskowiak (decedent), who died in 1992.
"Since '[a] party may not commence a legal action or proceeding
against a dead person' . . . , the action [against decedent] was a
nullity from its inception" (*Krysa v Estate of Qyra*, 136 AD3d 760,
760). "Under these circumstances, the order appealed from, insofar as
it purports to affect [decedent], was a nullity and this Court has no
jurisdiction to hear and determine that purported appeal" (*Jordan v
City of New York*, 23 AD3d 436, 437). We otherwise affirm the order
for reasons stated in the decision at Supreme Court.

Entered:  June 17, 2016                      Frances E. Cafarell
                                             Clerk of the Court