■ US BANK NATIONAL ASSOCIATION, as Trustee for the STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE LOAN TRUST 2006-BC1, Respondent, v LORVANA CADEUMAG, Appellant, et al., Defendants. [47 NYS3d 358]—

Appeal, as limited by the brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated April 23, 2015, as, in effect, denied that branch of a cross motion purportedly made by the defendant Lorvana Cadeumag which was pursuant to RPAPL 1301 (3) to dismiss the complaint in an action entitled *US Bank N.A. v Cadeumag*, commenced in the Supreme Court, Kings County, under index No. 899/14.

Ordered that the appeal is dismissed, without costs or disbursements, and the order dated April 23, 2015, is vacated.

The plaintiff commenced this action to foreclose a mortgage in 2009. The defendant Lorvana Cadeumag died prior to the commencement of the action. In 2014, the plaintiff commenced a second action to foreclose the same mortgage against, among others, the administrator of Cadeumag's estate. Thereafter, in the 2009 action, the plaintiff moved, inter alia, to consolidate the actions under the index number for the 2009 action. Cadeumag purportedly opposed the motion and cross-moved, inter alia, pursuant to RPAPL 1303 (3) to dismiss the complaint in the 2014 action. In an order dated April 23, 2015, the Supreme Court, inter alia, in effect, denied the aforementioned branch of the cross motion.

Since a party may not commence a legal action or proceeding against a dead person, the 2009 action was a nullity from its inception, and the plaintiff was instead required to commence an action against the personal representative of the decedent's estate (*see Krysa v Estate of Qyra*, 136 AD3d 760, 760-761 [2016]; *Gorbaty v Brodsky*, 129 AD3d 1023, 1024 [2015]; *Wendover Fin. Servs. v Ridgeway*, 93 AD3d 1156, 1157 [2012]; *Marte v Graber*, 58 AD3d 1, 1-2 [2008]; *Jordan v City of New York*, 23 AD3d 436, 437 [2005]). Accordingly, the order appealed from is a nullity, and this Court has no jurisdiction to hear and determine the appeal purportedly taken by the deceased defendant (*see Aurora Bank FSB v Albright*, 137 AD3d 1177, 1178-1179 [2016]; *Rivera v Bruchim*, 103 AD3d 700, 700-701 [2013]; *Kelly v Methodist Hosp.*, 276 AD2d 672, 673 [2000];

*Cocozzelli, Lerner, Meunkle & Grossman v Basile*, 247 AD2d 354, 355 [1998]). Eng, P.J., Balkin, Hall and Barros, JJ., concur.