Citigroup Global Mkts. Realty Corp. v LaGreca (2018 NY Slip Op 08627)





Citigroup Global Mkts. Realty Corp. v LaGreca


2018 NY Slip Op 08627


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-07932
 (Index No. 131663/10)

[*1]Citigroup Global Markets Realty Corp., appellant,
v
Charles F. LaGreca, et al., defendants, Claudette LaGreca, etc., respondent.


Peter T. Roach & Associates, P.C., Syosset, NY (Michael C. Manniello of counsel), for appellant.
Staten Island Legal Services, Staten Island, NY (Jennifer Lerman of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated May 2, 2016. The order denied the plaintiff's motion for an order of reference and to amend the caption, and granted that branch of the cross motion of the defendant Claudette LaGreca, sued herein as John Doe #1, which was to dismiss the complaint on the ground that the action was a legal nullity due to the death of the defendant Charles F. LaGreca.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage against, among others, Charles F. LaGreca, the sole borrower, seeking a judicial sale of the property and a deficiency judgment against him. Since it is undisputed that Charles F. LaGreca died prior to commencement of the action, under the circumstances, the Supreme Court properly directed dismissal of the complaint on the ground that the action was a legal nullity (compare Wendover Fin. Servs. v Ridgeway, 93 AD3d 1156 and Dime Sav. Bank of N.Y. v Luna, 302 AD2d 558, with HSBC Bank USA v Ungar Family Realty Corp., 111 AD3d 673; see also US Bank N.A. v Cadeumag, 147 AD3d 881; JPMorgan Chase Bank, N.A. v Rosemberg, 90 AD3d 713, 714).
DILLON, J.P., CHAMBERS, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court