Rodriguez v Capri Landscaping, Inc. (2019 NY Slip Op 03392)





Rodriguez v Capri Landscaping, Inc.


2019 NY Slip Op 03392


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-07378
 (Index No. 1083/15)

[*1]Brunilda Rodriguez, appellant, 
v
Capri Landscaping, Inc., defendant, Estate of Miguelina Torres, respondent.


Krentsel & Guzman, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for appellant.
McCabe, Collins, McGeough, Fowler, Levine & Nogan LLP, Carle Place, NY (Brian M. Martin, Patrick M. Murphy, and Robert J. Passarelli of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated January 4, 2016. The order granted that branch of the motion of the defendant Estate of Miguelina Torres which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction, and denied the plaintiff's cross motion pursuant to CPLR 306-b to deem the summons and complaint timely served on the executor of the Estate of Miguelina Torres, nunc pro tunc.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured on July 14, 2012, when she tripped and fell over broken fencing surrounding a tree well in front of a premises in Brooklyn (hereinafter the premises). Thereafter, on January 28, 2015, the plaintiff commenced this action against, among others, the Estate of Miguelina Torres (hereinafter the Estate), which owned the premises. The Estate filed an answer which contained affirmative defenses of lack of personal jurisdiction and improper service of process. Martha Marg, the executor of the Estate (hereinafter the executor), moved pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against the Estate, on the ground that the plaintiff failed to complete service within 120 days of the filing of the summons and complaint, and also pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction. The plaintiff cross-moved pursuant to CPLR 306-b to deem the summons and complaint timely served on the executor on June 15, 2015, nunc pro tunc. In an order dated January 4, 2016, the Supreme Court granted the Estate's motion and denied the plaintiff's cross motion. The plaintiff appeals.
Since the owner of the property where the accident allegedly occurred died prior to the commencement of this action, the plaintiff was required to commence this action against the personal representative of the owner's estate, that is, the executor, instead of commencing the action against the Estate directly (see EPTL 11-3.2[a][1]; Krysa v Estate of Qyra, 136 AD3d 760). Moreover, the plaintiff's attempt to serve the executor more than 120 days after the filing of the summons and complaint and then cross-move pursuant to CPLR 306-b to deem the summons and complaint timely served on the executor, nunc pro tunc, could not correct this error. The plaintiff [*2]never properly commenced an action against the decedent's personal representative, and the time within which to do so has expired. Accordingly, the Estate's motion was properly granted and the plaintiff's motion was properly denied
The plaintiff's remaining contentions are improperly raised for the first time in her reply brief or otherwise not properly before this Court.
BALKIN, J.P., ROMAN, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court