Deutsche Bank Natl. Trust Co. v Faden (2019 NY Slip Op 03568)





Deutsche Bank Natl. Trust Co. v Faden


2019 NY Slip Op 03568


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-03324
 (Index No. 17328/08)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Stuart Allin Faden, etc., respondent, et al., defendants.


Sandelands Eyet LLP, New York, NY (Margaret S. Stefandl of counsel), for appellant.
Charles R. Cuneo, P.C., Huntington, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 30, 2017. The order denied the plaintiff's motion, inter alia, to vacate a conditional order of dismissal of the same court dated August 5, 2014, to restore the action to the active calendar, and to restore a notice of pendency.
ORDERED that the appeal is dismissed, without costs or disbursements, and the order dated November 30, 2017, is vacated.
In June 2008, the plaintiff commenced this action to foreclose a mortgage against, among others, H. David Faden (hereinafter the decedent), who was the sole borrower, seeking a judicial sale of the property and a deficiency judgment against the decedent. In November 2008, after learning that the decedent had died prior to the commencement of the action, the plaintiff filed, without leave of court, a supplemental summons and amended complaint naming certain alleged heirs of the decedent as defendants. The plaintiff later moved, inter alia, for summary judgment on the amended complaint. In an order dated December 3, 2009, the Supreme Court denied the motion on the ground that the action was required to be stayed pending the appointment of a legal representative of the decedent's estate.
In an order dated August 5, 2014, prior to the appointment of a legal representative of the decedent's estate, the Supreme Court conditionally dismissed the action pursuant to CPLR 3216 unless the plaintiff filed a note of issue or otherwise proceeded by motion for entry of judgment within 90 days. The plaintiff did not file a note of issue or otherwise proceed by motion for entry of judgment within 90 days, and in an order dated June 18, 2015, the court determined that "as per the order dated August 5, 2014 the instant action is dismissed for failure to prosecute." The plaintiff appeals from an order denying its subsequent motion, inter alia, to vacate the conditional order of dismissal, to restore the action to the active calendar, and to restore a notice of pendency.
Since it is undisputed that the decedent died prior to the commencement of the action, the action was a legal nullity from its inception (see Citigroup Global Mkts. Realty Corp. v LaGreca, 167 AD3d 842; US Bank N.A. v Cadeumag, 147 AD3d 881; Dime Sav. Bank of N.Y. v Luna, 302 AD2d 558; cf. HSBC Bank USA v Ungar Family Realty Corp., 111 AD3d 673, 673-674). [*2]Accordingly, we dismiss the appeal and vacate the order appealed from (see US Bank N.A. v Cadeumag, 147 AD3d 881; Gorbaty v Brodsky, 142 AD3d 584, 585; Krysa v Estate of Qyra, 136 AD3d 760).
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court