Federal Natl. Mtge. Assn. v Tudor (2020 NY Slip Op 04149)





Federal Natl. Mtge. Assn. v Tudor


2020 NY Slip Op 04149


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2019-00510
 (Index No. 503050/14)

[*1]Federal National Mortgage Association, etc., appellant,
v
Gladys Tudor, etc., et al., defendants, Vanise Elliott, respondent.


McCalla Raymer Leibert Pierce LLC, New York, NY (Jane H. Torcia of counsel), for appellant.
Brooklyn Legal Services, Brooklyn, NY (Jennifer Eisenberg of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 13, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for leave to amend the complaint to change "the capacity of Vanise Elliott to reflect her capacity as a possible distributee of the Estate [of the defendant Gladys Tudor]" and to add any additional heirs of the defendant Gladys Tudor as defendants, and, sua sponte, directed the dismissal of the complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2014, the plaintiff commenced this action to foreclose a mortgage executed by the defendant Gladys Tudor. Tudor passed away approximately two years prior to the commencement of the action. Tudor's daughter, Vanise Elliott, was served with the summons and
complaint, purportedly as the recipient of substituted service on behalf of her mother, and purportedly as a "John Doe" occupant of the subject premises.
Elliott did not answer the complaint, although she appeared for at least two settlement conferences.
In May 2015, the plaintiff moved, inter alia, for leave to enter a default judgment against Elliott and for an order of reference. The Supreme Court granted the motion without opposition.
Subsequently, the plaintiff moved for a judgment of foreclosure and sale. Elliott appeared at a conference and produced a death certificate for her mother, whereupon the plaintiff withdrew its motion.
On or about September 28, 2016, the plaintiff moved, inter alia, to amend the complaint to add additional defendants. The plaintiff sought to add any additional heirs of Tudor as defendants and to serve any such parties by publication. The plaintiff also sought to amend the complaint to reflect the "capacity" of Elliott as an heir of the defendant Tudor, rather than as a mere occupant of the subject premises. Elliott cross-moved to vacate the default judgment and for leave to serve a late answer. In an order dated September 13, 2018, the Supreme Court, among other things, denied the plaintiff's motion, and, sua sponte, directed the dismissal of the complaint.
"A party may not commence a legal action or proceeding against a dead person" (Jordan v City of New York, 23 AD3d 436, 437; see Krysa v Estate of Qyra, 136 AD3d 760, 760). Thus, where a mortgagor dies prior to the commencement of a foreclosure action, the action is a "legal nullity," insofar as asserted against the deceased mortgagor (see Citigroup Global Mkts. Realty Corp. v LaGreca, 167 AD3d 842; U.S. Bank N.A. v Cadeumag, 147 AD3d 881; Dime Sav. Bank of N.Y. v Luna, 302 AD2d 558; cf. HSBC Bank USA v Ungar Family Realty Corp., 111 AD3d 673, 673-674). Accordingly, the instant action was a legal nullity, insofar as asserted against Tudor, the sole property owner and mortgagor.
In any event, the proposed amendment of the complaint to amend the "capacity" of Elliott to reflect that she was sued as a purported heir to Tudor, and to add any additional heirs of Tudor as defendants, would not serve to effectuate jurisdiction over the estate of Tudor, for purposes of a mortgage foreclosure action (see Wendover Fin. Servs. v Ridgeway, 93 AD3d 1156; see also Deutsche Bank Natl. Trust Co. v Faden, 172 AD3d 817).
Consequently, we agree with the Supreme Court's determination to deny leave to amend the complaint and to direct dismissal of the complaint.
SCHEINKMAN, P.J., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court