Bethpage Fed. Credit Union v Drab (2021 NY Slip Op 00144)





Bethpage Fed. Credit Union v Drab


2021 NY Slip Op 00144


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-02372
 (Index No. 1766/16)

[*1]Bethpage Federal Credit Union, appellant, 
v
John G. Drab, et al., defendants, Joseph Drab, etc., respondent; Shirley Ann Andrews, etc., nonparty-respondent.


RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered January 2, 2019. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court (Thomas A. Adams, J.) dated May 10, 2018, denying the plaintiff's ex parte motion for leave to file a supplemental summons, an amended complaint, and an amended notice of pendency, for leave to serve the supplemental summons by publication, and for the appointment of a guardian ad litem.
ORDERED that the order entered January 2, 2019, is reversed insofar as appealed from, on the law, with costs, the order dated May 10, 2018, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of the plaintiff's ex parte motion.
The plaintiff alleges that in July 2008, George A. Drab (hereinafter the decedent) and John G. Drab (hereinafter together the Drabs) executed a note in the sum of $364,000, which was secured by a mortgage encumbering certain real property located in North Bellmore. The plaintiff further alleges that, starting in July 2015, the Drabs defaulted under the terms of the note and the mortgage. The decedent died in March 2013.
The plaintiff commenced this mortgage foreclosure action in March 2016. Thereafter, the plaintiff moved, ex parte, for leave to file a supplemental summons, an amended complaint, and an amended notice of pendency, for leave to serve the supplemental summons by publication, and for the appointment of a guardian ad litem. By order dated May 10, 2018, the Supreme Court denied the plaintiff's motion, determining that the decedent's death before the commencement of this action resulted in the action being a legal nullity.
The plaintiff moved for leave to reargue its prior motion, contending, inter alia, that the action was not a legal nullity. This motion was opposed by Shirley Ann Andrews, who was a distributee of the decedent and was sued as a "John Doe," and Joseph Drab, who was sued as an heir and distributee of the estate. In an order entered January 2, 2019, the Supreme Court granted leave to reargue and, upon reargument, adhered to its prior determination. The plaintiff appeals.
A party may not commence a legal action or proceeding against a dead person (see US Bank N.A. Cadeumag, 147 AD3d 881, 881-882). Such an action is a nullity from its inception (see id. at 881; see also Deutsche Bank Natl. Trust Co. v Faden, 172 AD3d 817, 818; Citigroup Global Mkts. Realty Corp. v LaGreca, 167 AD3d 842, 842).
Here, neither the decedent nor the decedent's estate was named as a defendant in the action. Therefore, the Supreme Court improperly determined that the action was a nullity and improperly denied the plaintiff's ex parte motion on that basis. Accordingly, we vacate the order dated May 10, 2018, denying the plaintiff's ex parte motion for leave to file a supplemental summons, an amended complaint, and an amended notice of pendency, for leave to serve the supplemental summons by publication, and for the appointment of a guardian ad litem, and remit the matter to the Supreme Court, Nassau County, for a new determination of the plaintiff's ex parte motion.
AUSTIN, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court