Citizens Bank, N.A. v Abrams

2026 NY Slip Op 02819

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Citizens Bank, N.A., appellant-respondent,

v

Louise A. Abrams, etc., respondent-appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2024-02765, (Index No. 624473/18)

Hector D. Lasalle, P.J.

Cheryl E. Chambers

William G. Ford

James P. McCormack, JJ.

McCabe, Weisberg & Conway, LLC, Port Chester, NY (Robert T. Yusko and George Franke of counsel), for appellant-respondent.

Grausso & Foy, LLP, Bohemia, NY (Edmond Foy of counsel), for respondent-appellant.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the plaintiff appeals, and the defendant Louise A. Abrams cross-appeals, from an order of the Supreme Court, Suffolk County (Aletha V. Fields, J.), dated January 8, 2024. The order, insofar as appealed from, upon the court's own motion, directed dismissal of the action for lack of subject matter jurisdiction. The order, insofar as cross-appealed from, denied, as academic, those branches of the motion of the defendant Louise A. Abrams which were pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against her as abandoned and to toll the accrual of interest on the subject mortgage loan.

ORDERED that, on the Court's own motion, the notice of appeal from so much of the order as, upon the Supreme Court's own motion, directed dismissal of the action for lack of subject matter jurisdiction, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,

ORDERED that the order is reversed insofar as appealed and cross-appealed from, on the law and in the exercise of discretion, the portion of the order directing dismissal of the action for lack of subject matter jurisdiction is vacated, that branch of the motion of the defendant Louise A. Abrams which was pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against her as abandoned is denied on the merits, and that branch of the motion of the defendant Louise A. Abrams which was to toll the accrual of interest on the subject mortgage loan is granted to the extent of tolling the accrual of interest on the mortgage loan from February 27, 2021, to October 24, 2022; and it is further,

ORDERED that the plaintiff is awarded one bill of costs.

No appeal lies as of right from an order which did not decide a motion made upon notice, including an order entered sua sponte (see CPLR 5701[a][2]; Sholes v Meagher, 100 NY2d 333, 335). Here, so much of the order on appeal as directed dismissal of the action for lack of subject matter jurisdiction was issued, sua sponte, after the Supreme Court directed the parties to show cause why an order should not be entered dismissing the action as a nullity. Thus, to address the merits of the issue presented here, on the Court's own motion, we deem the notice of appeal from [*2]that portion of the order to be an application for leave to appeal therefrom, and we grant such leave (see Sholes v Meagher, 100 NY2d at 335; M & T Bank v Friedmann, 217 AD3d 934, 935).

On May 31, 2005, John L. Catterson (hereinafter the decedent) entered into a home equity credit line agreement with a nonparty lender, secured by a credit line mortgage in the amount of $200,000, given by the decedent on certain real property located in Suffolk County. The decedent died on August 2, 2015. Payments toward the mortgage loan allegedly stopped as of September 15, 2015.

On December 13, 2018, the plaintiff, as the alleged current owner of the subject note and mortgage, commenced this mortgage foreclosure action, naming as defendants, among others, the unknown heirs of the decedent and the defendant Louise A. Abrams, who is the decedent's daughter. The complaint included a demand for a deficiency judgment against Abrams. Abrams, solely in her alleged capacity as the executor of the decedent's estate, interposed an answer to the complaint with counterclaims.

In February 2019, the plaintiff moved for leave to amend the caption and to file and serve a supplemental summons and an amended complaint, inter alia, deleting as defendants the unknown heirs of the decedent's estate, adding as a defendant Abrams in her additional capacity as the sole heir of the decedent's estate, and removing any request for a deficiency judgment. In May 2019, the Supreme Court granted the plaintiff's motion, amended the caption accordingly, and directed the plaintiff to serve the supplemental summons and amended complaint. The documents and related papers were served on the defendants on July 11, 2019, none of whom answered the amended complaint.

In October 2022, the plaintiff's counsel requested a foreclosure settlement conference date. In response, in an order dated October 28, 2022, the Supreme Court denied the plaintiff's request without prejudice and, "on the Court's own motion," directed the parties "to show cause before this Court . . . why an order should not be entered dismissing the action as a nullity from the outset." The plaintiff opposed the court's motion.

In October 2023, with the court's motion still pending and undecided, Abrams moved, among other things, pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against her as abandoned and to toll the accrual of interest on the subject mortgage loan. The plaintiff opposed the motion.

In an order dated January 8, 2024, the Supreme Court, inter alia, upon its own motion, directed dismissal of the action for lack of subject matter jurisdiction and denied those branches of Abrams's motion as academic. The plaintiff appeals, and Abrams cross-appeals.

It is well-settled that a party may not commence a legal action against a dead person (see Federal Natl. Mtge. Assn. v Tudor, 185 AD3d 905, 906; Krysa v Estate of Qyra, 136 AD3d 760, 760). Similarly, an action cannot be commenced against a decedent's estate prior to the appointment of a personal representative of the estate (see Hollowell v Decaro, 118 AD3d 749, 750). Under either such circumstance, the action is a legal nullity (see Krysa v Estate of Qyra, 136 AD3d at 760; Hollowell v Decaro, 118 AD3d at 750).

Here, however, the plaintiff did not commence this action against the decedent or his estate but rather named as defendants the unknown heirs of the decedent's estate and the decedent's daughter, Abrams, among others (see Matter of Enquire Print. & Publ. Co., Inc. [Turner], 26 Misc 3d 1035, 1037 [Sur Ct, Nassau County]). Subsequently, the plaintiff filed and served an amended complaint in which, among other things, the plaintiff removed the unknown heirs of the decedent's estate as defendants and named Abrams as a defendant in both her individual capacity and as sole heir of the decedent's estate. Moreover, the plaintiff never sought a deficiency judgment against the decedent's estate, which therefore was not a necessary party to this action (see Countrywide Home Loans, Inc. v Keys, 27 AD3d 247, 247). Under such circumstances, the Supreme Court erred in directing dismissal of the action for lack of subject matter jurisdiction (cf. Deutsche Bank Natl. Trust [*3]Co. v Faden, 172 AD3d 817, 818; Citigroup Global Mkts. Realty Corp. v LaGreca, 167 AD3d 842, 842).

Although the Supreme Court denied those branches of Abrams' motion which were pursuant to CPLR 3215(c) to dismiss the amended complaint insofar as asserted against her as abandoned and to toll the accrual of interest on the mortgage loan as academic, since the merits of those branches of the motion were litigated by the parties in the Supreme Court and briefed by the parties in this Court, this Court may address those branches of the motion in the interest of judicial economy (see Wells Fargo Bank, N.A. v Rindenow, 186 AD3d 782, 783).

Pursuant to CPLR 3215(c), if a plaintiff fails to take proceedings for the entry of judgment within one year after a defendant's default, the court shall not enter judgment but shall dismiss the complaint as abandoned unless sufficient cause is shown why the complaint should not be dismissed (see U.S. Bank, N.A. v Duran, 174 AD3d 768, 769-770; Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 773). "It is not necessary for a plaintiff to actually obtain a default judgment within one year after the default in order to avoid dismissal pursuant to CPLR 3215(c)" (U.S. Bank, N.A. v Duran, 174 AD3d at 770 [citations omitted]; see Aurora Loan Servs., LLC v Gross, 139 AD3d at 773). Rather, "as long as proceedings are being taken, and these proceedings manifest an intent not to abandon the case but to seek a judgment, the case should not be subject to dismissal pursuant to CPLR 3215(c)" (U.S. Bank, N.A. v Duran, 174 AD3d at 770 [alteration and internal quotation marks omitted]; see Aurora Loan Servs., LLC v Gross, 139 AD3d at 773).

Here, Abrams defaulted in answering the original complaint in which she was named in her individual capacity to the extent she interposed an answer to the complaint only as the alleged executor of the decedent's estate, in which capacity she was not sued. In that regard, within one year of Abrams' default, the plaintiff moved to amend the caption and to file and serve a supplemental summons and an amended complaint and filed a request for judicial intervention to schedule a mandatory foreclosure settlement conference, a prerequisite to obtaining a default judgment (see CPLR 3408[a], [m]). Under such circumstances, the plaintiff undertook proceedings for the entry of a judgment of foreclosure and sale within one year of Abrams's default and evinced an intent not to abandon this action (see Citimortgage, Inc. v Zaibak, 188 AD3d 982, 983). Contrary to Abrams's contention, once the plaintiff established that it had initiated proceedings for the entry of a judgment within one year after Abrams's default, it was in compliance with CPLR 3215(c) and was not required, under the plain language of that subdivision, to account for any additional periods of delay that may have occurred subsequent to the initial one-year period contemplated by CPLR 3215(c) (see id.).

However, "[a] foreclosure action is equitable in nature and triggers the equitable powers of the court" (Bank of N.Y. Mellon v George, 186 AD3d 661, 663). "'In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, including any wrongful conduct by either party,' such as where the plaintiff's conduct has prejudiced the defendant" (id. at 663-664, quoting BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862). "Further, a tolling and cancellation of interest may also be warranted where there is an unexplained delay in prosecution of a mortgage foreclosure action" (People's United Bank v Patio Gardens III, LLC, 189 AD3d 1622, 1623).

Here, while the action was stayed from December 18, 2020, through February 27, 2021, due to the COVID-19 pandemic (see L. 2020, ch 381), the plaintiff failed to explain the delay between the lifting of that stay and its request on October 24, 2022, to schedule a foreclosure settlement conference. Under the particular circumstances of this case, where the defendant, as a successor in interest to a decedent borrower who defaulted on a mortgage loan only because of his death, was prejudiced by this unexplained delay, the accrual of interest on the mortgage loan should be tolled from February 27, 2021, to October 24, 2022 (see GMAC Mtge., LLC v Yun, 206 AD3d 798, 798; BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 863).

LASALLE, P.J., CHAMBERS, FORD and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court