■ GEORGEANN MATRE, as Executrix of RONALD J. MATRE, Deceased, Respondent, v ERIE COUNTY PUBLIC ADMINISTRATOR, as Administrator of the Estate of JOSEPH J. ZIOLKOWSKI, Deceased, Appellant. [724 NYS2d 248] —Order unanimously affirmed with costs. Memorandum: Plaintiff's decedent commenced this action to recover damages for injuries he sustained when his motorcycle collided with an automobile operated by Joseph J. Ziolkowski. Plaintiff's decedent filed his summons and complaint against Ziolkowski approximately 2½ months after Ziolkowski's death. The insurance carrier for Ziolkowski hired an attorney to represent him, and that attorney prepared and served an answer admitting the allegation in the complaint that Ziolkowski "was and still is a resident of the County of Erie." The attorney also prepared and served several discovery demands. In addition, Ziolkowski's insurance carrier engaged in settlement negotiations with the attorney representing plaintiff's decedent, and thereafter plaintiff, both before and after Ziolkowski's death.

Supreme Court properly denied defendant's motion for sum-

mary judgment dismissing the complaint based upon lack of personal jurisdiction and the expiration of the Statute of Limitations for an action against Ziolkowski's estate (*see*, CPLR 210 [b]; 214 [5]). "The doctrine of estoppel is applied in certain cases to prevent inequitable reliance upon a defense, such as the Statute of Limitations, which might otherwise be a bar to recovery" (*Rosenthal v Reliance Ins. Co.*, 25 AD2d 860, *affd* 19 NY2d 712; *see generally, Simcuski v Saeli*, 44 NY2d 442, 448-449; *Erbe v Lincoln Rochester Trust Co.*, 13 AD2d 211, 213-214, *appeal dismissed* 11 NY2d 754). The service of an answer containing an admission that Ziolkowski was alive was both misleading and reasonably relied upon by plaintiff. The attorney representing Ziolkowski, who now represents defendant, not only failed to correct that inaccurate admission but carried the litigation forward as if Ziolkowski were still alive. Under those circumstances, the court properly applied the doctrine of equitable estoppel to prevent defendant from gaining an unconscionable advantage in the action (*see, Fink v Regent Hotel*, 234 AD2d 39, 41; *Dupuis v Van Natten*, 61 AD2d 293, 295-296). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Lawton, JJ.