(May 16, 2005)

■ GUILLERMO ARBELAEZ, Appellant, v CHUN KUEI WU et al., Defendants. ALLSTATE INSURANCE COMPANY, Nonparty Respondent. [795 NYS2d 327]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Barasch, J.), dated May 14, 2004, which denied his motion, inter alia, to appoint a temporary representative of the estate of the defendant Albert G. Foster, and granted the cross motion of Allstate Insurance Company to dismiss the complaint insofar as asserted against Foster.

Ordered that the order is affirmed, with costs.

On January 26, 2001, the plaintiff commenced this action to recover damages for personal injuries he sustained in an automobile accident which occurred on December 1, 1998. The plaintiff purportedly served the defendant Albert G. Foster by so-called "nail and mail" service. However, Foster had died on December 16, 1999, prior to the commencement of the action. Correspondence in the record establishes that by July 20, 2001, the plaintiff learned of Foster's death from the attorney retained by Allstate Insurance Company (hereinafter Allstate), Foster's insurance carrier, to represent him.

Thereafter, the attorney hired by Allstate submitted an answer to the complaint, apparently as a condition to the plaintiff stipulating to vacate a default judgment which the plaintiff had obtained against Foster. No personal representative of Foster's estate was ever appointed, and the plaintiff never petitioned the Surrogate's Court, pursuant to SCPA 1002, for the appointment of the Public Administrator as the personal representative of the estate.

In February 2004 the plaintiff moved, inter alia, to appoint a representative of Foster's estate to defend the action. Allstate cross-moved to dismiss the action insofar as asserted against him, contending that the action against Foster was a nullity, since he had died before it was commenced, and the time within which to commence an action against a representative of Foster's estate—a total of 4¹/₂ years with the 18-month toll provided by CPLR 210 (b), had expired.

In the order on appeal, the Supreme Court denied the motion, granted the cross motion, and dismissed the complaint insofar as asserted against Foster. We affirm.

"[A] plaintiff is unable to commence an action during the period between the death of a potential defendant and the appointment of a representative of the estate" (*Laurenti v Teatom,* 210 AD2d 300, 301 [1994]). Therefore the action, insofar as asserted against Foster, was a nullity. The fact that the attorney hired by Allstate to defend the action answered the complaint, purportedly on Foster's behalf, without raising a jurisdictional defense, did not confer jurisdiction over Foster's estate (*id.*). By the time the plaintiff sought the appointment of a representative of Foster's estate, the period of limitation within which to gain jurisdiction over the estate had run.

Moreover, we reject the plaintiff's contention that it is inequitable to dismiss the complaint based on the statute of limitations. The record clearly establishes that the plaintiff was aware of Foster's death for almost two years before the statute of limitations expired but failed to seek "[t]he remedy for a plaintiff who faces the running of the Statute of Limitations under these circumstances [which] is to petition the Surrogate's Court pursuant to SCPA 1002 for the appointment of the Public Administrator as the personal representative of the estate" (*id.* at 301). Accordingly, Allstate was not estopped from relying on the bar of the statute of limitations, and the complaint was properly dismissed insofar as asserted against Foster (*see Matre v Erie County Pub. Adm'r,* 283 AD2d 1025 [2001]; *Public Serv. Mut. Ins. Co. v Joyce,* 182 AD2d 535 [1992]).

The plaintiff's remaining contentions are without merit. Ritter, J.P., Luciano, Mastro and Skelos, JJ., concur.