JPMorgan Chase Bank, Natl. Assn. v Salvage (2019 NY Slip Op 02486)





JPMorgan Chase Bank, Natl. Assn. v Salvage


2019 NY Slip Op 02486


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Friedman, J.P., Gische, Tom, Gesmer, Moulton, JJ.


850171/13 8885N 8884

[*1] JPMorgan Chase Bank, National Association, Plaintiff-Respondent,
v
Lynn D. Salvage, Defendant-Appellant, The Executor of the Estate of Rita Lerner, et al., Defendants.


Law Office of Susan Pepitone, Forest Hills (Susan R. Pepitone of counsel), for appellant.
Parker Ibrahim & Berg LLP, New York (Daniel Schleifstein of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about March 10, 2017, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion to add the Executor of the Estate of Rita Lerner as a defendant and to dismiss defendant Lynn D. Salvage's counterclaims, and denied Salvage's cross motion to dismiss the complaint, unanimously modified, on the law and the facts, to deny plaintiff's motion, and to grant plaintiff's alternate motion to compel Salvage to accept its late reply to her counterclaims, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered October 23, 2017, which, insofar as appealed from as limited by the briefs, denied Salvage's motion to renew, unanimously dismissed, without costs, as academic.
This is an action to foreclose a mortgage on a condominium unit owned and occupied by Salvage, who is Lerner's daughter. Before Lerner passed away, she and Salvage owned the unit as joint tenants with right of survivorship. Lerner was the sole borrower on the loan that is secured by the mortgage.
The motion to add the executor of Lerner's estate should have been denied because no such person had been appointed at the time plaintiff made its motion. "[A] plaintiff is unable to commence an action during the period between the death of a potential defendant and the appointment of a representative of the estate" (Arbelaez v Chun Kuei Wu, 18 AD3d 583, 584 [2d Dept 2005] [internal quotation marks omitted]).
However, the court properly denied Salvage's cross motion to dismiss the complaint for failure to join an indispensable party, namely, the executor. The estate does not have any ownership interest in the condominium, which passed entirely, as a matter of law, to Salvage upon Lerner's death. Moreover, dismissal for nonjoinder is a last resort (see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 821 [2003], cert denied 540 US 1017 [2003]), and the factors mentioned in CPLR 1001(b) do not tip overwhelmingly in favor of dismissal. For example, Lerner's estate will not be prejudiced by nonjoinder because "[t]he absence of a necessary party in a mortgage foreclosure action. . . leaves that party's rights unaffected by the judgment of foreclosure and sale" (Glass v Estate of Gold, 48 AD3d 746, 747 [2d Dept 2008]). Plaintiff has recently waived its right to seek a deficiency judgment; hence, this action does not require the estate's joinder (see Countrywide Home Loans, Inc. v Keys, 27 AD3d 247 [1st Dept 2006], lv denied 7 NY3d 702 [2006]).
Salvage's counterclaims should not have been dismissed pursuant to CPLR 3215(c). Salvage and plaintiff/counterclaim defendant (hereinafter Chase) engaged in negotiations after [*2]Salvage asserted her counterclaims (see e.g. Iorizzo v Mattikow, 25 AD3d 762, 764 [2d Dept 2006]). It would not be equitable (see generally Jo Ann Homes at Bellmore v Dworetz, 25 NY2d 112, 122 [1969] ["a foreclosure action is a proceeding in a court of equity" (internal quotation marks omitted)]) to dismiss the counterclaims based on a nine-month gap between the end of negotiations and the making of Salvage's cross motion, especially when Chase has hardly been a model of celerity. Further, Chase did not show that it had been prejudiced by Salvage's failure to pursue her counterclaims (see Laourdakis v Torres, 98 AD3d 892, 893 [1st Dept 2012]), and Salvage has demonstrated that the counterclaims she was pursuing in her own right were "potentially meritorious" (Brooks v Somerset Surgical Assoc., 106 AD3d 624, 625 [1st Dept 2013]).
Since we are denying Chase's motion to dismiss Salvage's counterclaims, we consider its alternate motion to compel her to accept its late reply. That motion is granted (see HSBC Bank USA v Lugo, 127 AD3d 502, 503 [1st Dept 2015]).
In light of the denial of Chase's motion to add the executor of Lerner's estate as a defendant, Salvage's arguments about her motion to renew are academic.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK