Citimortgage, Inc. v Sahai (2019 NY Slip Op 03915)





Citimortgage, Inc. v Sahai


2019 NY Slip Op 03915


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Acosta, P.J., Richter, Manzanet-Daniels, Webber, Kern, JJ.


9363 382209/10

[*1]Citimortgage, Inc., Plaintiff-Respondent
v
Lachmin Sahai, Defendant-Appellant, Mohanram B. Sahai, et. al., Defendants.


Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens (Mark Anderson of counsel), for appellant.
Gross Polowy, LLC, Westbury (Alexandria Kaminski of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about July 31, 2018, which denied defendant's CPLR 3215(c) motion to dismiss the complaint, unanimously affirmed, without costs.
An action is deemed abandoned where a default has occurred and a plaintiff has failed to take proceedings for the entry of a judgment within one year thereafter unless plaintiff has shown "sufficient cause . . . why the complaint should not be dismissed" (CPLR 3215[c]). Sufficient cause requires a showing of an excuse for a plaintiff's delay in seeking default and a meritorious claim (see Hoppenfeld v Hoppenfeld, 220 AD2d 302, 303 [1st Dept 1995][emphasis added]). We find that the motion court did not abuse its discretion when it denied defendant's motion to dismiss the complaint under CPLR 3215(c) (see LaValle v Astoria Constr. & Paving Corp., 266 AD2d 28 [1st Dept 1999]).
Plaintiff's excuse for its delay in moving for a default judgment under CPLR 3215(c) was due to defendant's bankruptcy petition, which stayed the foreclosure action (see U.S. Bank N.A. v Joseph, 159 AD3d 968, 970 [2d Dept 2018]; Levant v National Car Rental, Inc., 33 AD3d 367 [1st Dept 2006]). After the stay was lifted, plaintiff submitted sufficient evidence that the parties engaged in settlement negotiations (see e.g. JPMorgan Chase Bank, Natl. Assn. v Salvage, 2019 NY Slip Op 02486, * 1 [1st Dept 2019]; see also Iorizzo v Mattikow, 25 AD3d 762, 764 [2d Dept 2006]).
As to the meritorious nature of the claim, plaintiff submitted evidence of the promissory note issued on January 10, 2006 in the amount of $429,000. The note was assigned to plaintiff on October 19, 2010. Documentary evidence was submitted where defendant admitted that it could not afford to make any of the monthly payments. Therefore, plaintiff demonstrated that its complaint is potentially meritorious
(see Brooks v Somerset Surgical Assoc., 106 AD3d 624, 625 [1st Dept 2013]). Further, the [*2]record shows that defendant was not prejudiced by the delay, since he attempted to negotiate a settlement on several occasions (see HSBC Bank USA v Lugo, 127 AD3d 502, 503 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK