■ Suzan Jordan, Respondent, v City of New York, Defendant, Constantinos Vassilaras, Respondent, and John Hendricks et al., Appellants. [807 NYS2d 595]—

In an action to recover damages for personal injuries, the defendants John Hendricks and Helen Hendricks appeal from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated November 12, 2004, as denied those branches of their motion which were for summary judgment dismissing the complaint and the cross claim of the defendant Constantinos Vassilaras insofar as asserted against them.

Ordered that the appeal purportedly taken by the defendant John Hendricks is dismissed on the ground that the order is a nullity as against that defendant, as that defendant died before the commencement of this action, the portion of the order which denied that branch of the motion purportedly made by the deceased defendant is vacated, and the complaint and the cross claim of the defendant Constantinos Vassilaras insofar as asserted against the defendant John Hendricks is dismissed; and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant Helen Hendricks, on the law, those branches of the motion which were for summary judgment dismissing the complaint and the cross claim of the defendant Constantinos Vassilaras insofar as asserted against that defendant are granted, the complaint and the cross claim of the defendant Constantinos Vassilaras insofar as asserted against the defendant Helen Hendricks are dismissed, and the action is severed against the defendants City of New York and Constantinos Vassilaras; and it is further,

Ordered that one bill of costs is awarded to the defendant Helen Hendricks.

Although John Hendricks was named as a party defendant in the instant action, he died before the action was commenced and no representative of his estate had been appointed at the time the plaintiff purportedly commenced this action against him. In addition, no substitution by a legal representative took place as required by CPLR 1015 (a). A party may not commence a legal action or proceeding against a dead person, but must instead name the personal representative of the decedent's estate. Nor can a party enter a personal judgment against a decedent (*see* EPTL 11-3.1; *100 W. 72nd St. Assoc. v Murphy*, 144 Misc 2d 1036, 1040 [1989]; *see also Dime Sav. Bank of N.Y. v Luna*, 302 AD2d 558 [2003]; *Laurenti v Teatom*, 210 AD2d 300, 301 [1994]). Under these circumstances, the order appealed from, insofar as it purports to affect the defendant John Hendricks, was a nullity and this Court has no jurisdiction to hear and determine that purported appeal (*see Campbell v Dutton Stor. Distrib. Co.*, 240 AD2d 690, 691 [1997]; *Halperin v Waldbaum's Supermarket*, 236 AD2d 514, 515 [1997]; *Bossert v Ford Motor Co.*, 140 AD2d 480, 480-481 [1988]).

With respect to the cause of action asserted against the defendant Helen Hendricks (hereinafter Hendricks), absent the existence of a statute or ordinance imposing liability (*see e.g.* Administrative Code of City of NY § 7-210), she may not be held liable, as an abutting landowner, to a passerby on a public sidewalk for injuries resulting from defects in that public sidewalk unless she either created the defect or caused it to occur because of some special use (*see Zektser v City of New York*, 18 AD3d 869 [2005]; *Guzov v Manor Lodge Holding Corp.*, 13 AD3d 482, 483 [2004]). Hendricks established her entitlement to judgment as a matter of law by proof that neither she nor any of her tenants created the condition complained of, or made a special use of the sidewalk abutting her property as a driveway for delivery trucks (*see generally Kaufman v Silver*, 90 NY2d 204, 207-208 [1997]; *Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 298-299 [1988]; *cf. Vyadro v City of New York*, 2 AD3d 519, 520-521 [2003]; *Dos Santos v Peixoto*, 293 AD2d 566 [2002]; *Peretich v City of New York*, 263 AD2d 410, 411 [1999]). The plaintiff's opposition constituted nothing but speculation, and was thus insufficient to raise a triable issue of fact (*see Guzov v Manor Lodge Holding Corp., supra*). Contrary to the plaintiff's contention, the mere fact that Hendricks's commercial tenant used the sidewalk to gain access to a nearby basement door was insufficient to establish the existence of a special use (*see Tyree v Seneca Ctr.-Home Attendant Program*, 260 AD2d 297 [1999]; *cf. Yee v Chang Xin Food Mkt.*, 302 AD2d 518 [2003]).

In light of the foregoing, we do not reach the parties' other

contentions. Schmidt, J.P., Santucci, Krausman and Covello, JJ., concur.