# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1075**
**CA 11-00786**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, GREEN, AND GORSKI, JJ.

---

CARL L. FISHER, AS POWER OF ATTORNEY FOR
JOHN C. FISHER, PLAINTIFF-RESPONDENT-APPELLANT,

V                                                MEMORANDUM AND ORDER

KENNETH FLANIGAN, ET AL., DEFENDANTS,
AND DAMON CORPORATION,
DEFENDANT-APPELLANT-RESPONDENT.

---

BURDEN, GULISANO & HICKEY, LLC, BUFFALO (PHILIP M. GULISANO OF
COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered July 13, 2010 in a personal injury action. The order, among other things, granted in part and denied in part the motion of defendant Damon Corporation for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendant Damon Corporation in its entirety and dismissing the amended complaint and cross claim against it and as modified the order is affirmed without costs.

Memorandum: Plaintiff, as power of attorney for John C. Fisher (Fisher), commenced this action alleging, inter alia, that defendant Damon Corporation (Damon) is liable for the injuries sustained by Fisher when he fell while he was walking in a motor home manufactured by Damon. The motor home was in motion at the time of the fall, and was being driven by defendant Kenneth Flanigan. Damon moved for summary judgment dismissing the amended complaint and all cross claims against it. Supreme Court denied that part of the motion with respect to the strict products liability cause of action for failure to warn passengers to remain seated and granted that part of the motion with respect to the design defect cause of action. We note that, although the court did not address that part of the motion with respect to the cross claim for contribution or indemnification, the failure to rule on that part of the motion is deemed a denial thereof (*see Brown v U.S. Vanadium Corp.*, 198 AD2d 863). This appeal by Damon and cross appeal by plaintiff ensued. We agree with Damon that the court should have granted the motion in its entirety, and we therefore modify the

order accordingly.

     With respect to the strict products liability cause of action for failure to warn, we conclude that Damon established its entitlement to judgment as a matter of law and that plaintiff failed to raise an issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  It is well established that "[a] manufacturer . . . has a duty to warn of the danger of unintended uses of a product provided these uses are reasonably foreseeable" (*Liriano v Hobart Corp.*, 92 NY2d 232, 237).  However, "in appropriate cases, courts could as a matter of law decide that a manufacturer's warning would have been superfluous given an injured party's actual knowledge of the specific hazard that caused the injury" (*id.* at 241).  Here, Damon established that the risk of falling while moving about in a moving vehicle is open and obvious.  Although the issue whether a particular risk is open and obvious is "most often a jury question[,] . . . [w]here only one conclusion can be drawn from the established facts, . . . the issue of whether the risk was open and obvious may be determined by the court as a matter of law" (*id.* at 242).  Fisher testified at his deposition that he had experience traveling in a bus and subway and knew that there was a risk of falling while the bus and subway were in motion.  We thus further conclude that Damon established that "a warning would have added nothing to [Fisher's] appreciation of the danger," thereby obviating the requirement of a duty to warn (*id.*).  Neither Fisher's affidavit in opposition to the motion nor the expert affidavits raised an issue of fact sufficient to defeat the motion.  Although Fisher stated in his opposing affidavit that he thought it was "customary and acceptable to move about" a motor home and that he would not have done so had there been a warning does not negate his acknowledgment of the open and obvious danger of standing in a moving vehicle set forth in his deposition testimony.  One of plaintiff's experts does not dispute that the risk of falling in a motor vehicle is open and obvious, but he instead asserts that a warning against the open and obvious risk was necessary because the "visual cues promote a sense of safety."  Plaintiff's second expert makes only a conclusory statement that Damon should have provided notices to passengers not to leave their seats if that was Damon's intention while the motor home was in motion.

     With respect to the design defect cause of action, we note that, "[w]hile the focus of a design-defect claim . . . is the product's fitness for *intended* uses . . ., the focus of a failure to warn claim . . . is whether there has been a breach of the manufacturer's duty to warn consumers against using the product for unintended but foreseeable purposes" (*Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 537 [Titone, J., dissenting in part and concurring in part]).  We conclude that Damon established as a matter of law that the motor home was designed so that it was reasonably safe for its intended use. "[T]he validity of a design-defect claim should be assessed by reference to the configuration of the product 'as of the time [it] leaves the manufacturer's hands' " (*id.; see generally Adams v Genie Indus., Inc.*, 14 NY3d 535, 542).  According to the deposition testimony of Damon's employees, certain seats were equipped with seat belts in conformance with federal regulations and the motor home

complied with all applicable regulations and industry standards when it was manufactured in 1998.  Further, the owner's manual advised the owner that passengers should remain seated and restrained by a seat belt while the motor home was in motion.  Damon further established that the alleged safety devices proposed by plaintiff's experts, i.e., devices to grasp when standing or walking and an auditory system warning that the vehicle is changing speed or direction, are not provided for in the regulations or industry standards and have not been used in the motor home industry from 1998 through the present time.  We conclude that plaintiff failed to raise an issue of fact whether the motor home was reasonably safe for its intended use (*see generally Zuckerman*, 49 NY2d at 562).  Instead, each of plaintiff's experts merely expressed the conclusory opinion that, because Damon was aware that passengers might not remain seated while the vehicle was in motion, safety devices should have been installed.

Finally, in view of our determination with respect to the amended complaint against Damon, we further conclude that Damon's motion with respect to the cross claim should have been granted as well.

Entered:  November 10, 2011                     Patricia L. Morgan
                                                Clerk of the Court