# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**89**

**CA 11-01077**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND MARTOCHE, JJ.

---

WENDOVER FINANCIAL SERVICES, PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

JO-ANN RIDGEWAY, AS HEIR TO THE ESTATE OF AMELIA
DONVITO, ALSO KNOWN AS AMELIA C. DONVITO,
DECEASED, DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.

---

ROSICKI, ROSICKI & ASSOCIATES, P.C., PLAINVIEW (EDWARD RUGINO OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

SCACCIA LAW FIRM, SYRACUSE (DANTE M. SCACCIA OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (James
P. Murphy, J.), entered December 16, 2010. The order, among other
things, vacated a judgment of foreclosure and sale dated December 18,
2009.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by dismissing the complaint and as
modified the order is affirmed with costs.

Memorandum: Plaintiff appeals from an order insofar as it
denied, inter alia, those parts of its motion to reissue the judgment
of foreclosure and to amend the caption to add defendant Jo-Ann
Ridgeway, who was sued as heir to the estate of Amelia Donvito, also
known as Amelia C. Donvito (deceased) (hereafter, decedent), as the
executrix of decedent's estate. Although Supreme Court did not
address those parts of the motion with respect to reissuing the
judgment and amending the caption, the failure to rule on those parts
of the motion is deemed a denial thereof (*see Fisher v Flanigan*, 89
AD3d 1398, 1399; *Brown v U.S. Vanadium Corp.*, 198 AD2d 863, 864).

Approximately 6½ years prior to her death, decedent executed a
note and mortgage with respect to her home (hereafter, property) that
plaintiff alleges it now owns by virtue of a series of assignments.
Letters Testamentary were issued to Ridgeway following the death of
decedent. Plaintiff subsequently commenced this action to foreclose
the mortgage. Notwithstanding decedent's death, plaintiff named her
as a defendant in the summons and complaint. We therefore conclude
that "the action [against decedent] from its inception was a nullity
[inasmuch as] it is well established that the dead cannot be sued"

(*Marte v Graber*, 58 AD3d 1, 3; *see Jordan v City of New York*, 23 AD3d 436, 437; *see also Arbelaez v Chun Kuei Wu*, 18 AD3d 583).  Further, we conclude that the caption may not be properly amended pursuant to CPLR 305 (c).  "That provision is generally used to correct an irregularity, for example where a plaintiff is made aware of a mistake in the defendant's name or the wrong name or wrong form is used" (*Marte*, 58 AD3d at 4).  In the order appointing a referee, the court amended the caption of this action by "striking the name of the defendant AMELIA DONVITO A/K/A AMELIA C. DONVITO . . . and substituting in place thereof JO-ANN RIDGEWAY AS HEIR TO THE ESTATE OF AMELIA DONVITO A/K/A AMELIA C. DONVITO . . . ."  Here, however, decedent was never a party to the action, and thus there was no party for whom substitution could be effected pursuant to CPLR 1015 (a).

We reject plaintiff's contention that it obtained personal jurisdiction over Ridgeway by serving her in her capacity as an alleged heir of decedent.  Although the captions in the summons and complaint included " 'John Does' and 'Jane Does,' " those unknown defendants were described in the complaint as tenants or occupants of the property or those claiming a lien against the property.  Ridgeway does not fit within either of those categories in any capacity.  In order to name unknown parties pursuant to CPLR 1024, the complaint must adequately describe the intended parties such that, " 'from the description in the complaint,' " they would have known that they were intended defendants (*Lebowitz v Fieldston Travel Bur.*, 181 AD2d 481, 482; *see generally Olmsted v Pizza Hut of Am., Inc.*, 28 AD3d 855, 856).  Here, inasmuch as plaintiff named both decedent and the "Doe" defendants in the summons and complaint and the complaint fails to mention decedent's death, it cannot be said that plaintiff intended to describe the "Doe" defendants to include decedent's heirs, nor did plaintiff adequately do so.  We further conclude that, because Ridgeway, as executrix of decedent's estate, was not properly made a party to the action, the complaint fails to assert a viable cause of action against a properly named party.  "Perhaps, had [plaintiff] abandoned [its] initial action, and properly filed a summons and complaint by purchasing a new index number and naming [Ridgeway], the personal representative of [decedent], as defendant, the matter before us would not be the nullity it is" (*Marte*, 58 AD3d at 5).

We reject plaintiff's further contention that Ridgeway waived the defense of plaintiff's lack of standing by serving a notice of appearance as "Executrix under the Last Will" of decedent and failing to raise that defense in a pleading or pre-answer motion.  Pursuant to CPLR 3211 (e), "a party" waives such a defense by failing to raise it in a responsive pleading or a pre-answer motion.  Inasmuch as Ridgeway was never properly made a party to this action in any capacity, the waiver provisions of CPLR 3211 (e) are inapplicable to her.

We therefore modify the order by dismissing the complaint.  In light of our determination, we need not address plaintiff's remaining contentions.

Entered:  March 16, 2012                    Frances E. Cafarell
                                            Clerk of the Court