Franco v Ketterer (2019 NY Slip Op 05517)





Franco v Ketterer


2019 NY Slip Op 05517


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-05681
 (Index No. 14388/15)

[*1]Franklyn Franco, respondent, 
v
Arthur C. Ketterer, appellant.


Buratti, Rothenberg & Burns, Melville, NY (Scott R. Dinstell of counsel), for appellant.
Pontisakos & Brandman, P.C. (Chirico Law, PLLC, Brooklyn, NY [Vincent Chirico], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr.), dated March 22, 2018. The order denied a motion, purportedly made on behalf of the named defendant, Arthur C. Ketterer, to dismiss the complaint pursuant to CPLR 3211(a)(8), and granted the plaintiff's cross motion for leave to amend the caption to substitute the personal representative of the estate of Arthur C. Ketterer in place of Arthur C. Ketterer in this action.
ORDERED that the appeal is dismissed, without costs or disbursements, the order dated March 22, 2018, is vacated, and the complaint is dismissed.
The death of the named defendant, Arthur C. Ketterer, several months prior to the commencement of this action rendered the action a legal nullity from its inception (see Rivera v Bruchim, 103 AD3d 700, 700). Under these circumstances, the Supreme Court was without jurisdiction to entertain the underlying motion and cross motion, and the order dated March 22, 2018, must be vacated as a nullity. Likewise, the notice of appeal purportedly filed on behalf of Arthur C. Ketterer is a nullity and this Court has no jurisdiction to hear and determine the purported appeal (see Rivera v Bruchim, 103 AD3d at 700; Jordan v City of New York, 23 AD3d 436, 437).
Accordingly, we dismiss the appeal, vacate the order, and dismiss the complaint.
SCHEINKMAN, P.J., RIVERA, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court