Cavaretta v Michigan Coop. Corp. (2019 NY Slip Op 06739)





Cavaretta v Michigan Coop. Corp.


2019 NY Slip Op 06739


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-09649
 (Index No. 707838/15)

[*1]Vita Cavaretta, appellant, 
v
Michigan Cooperative Corp., et al., respondents, et al., defendant.


Bongiorno Law Firm (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for appellant.
Miller, Leiby & Associates, P.C., New York, NY (Jeffrey A. Miller of counsel), for respondents.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Deborah E. Wassel of counsel), for defendant City of New York (no brief filed).



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered June 11, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants Michigan Cooperative Corp., and Delkap Management, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly tripped and fell on a broken curb in front of a cooperative apartment complex in Queens, which was owned by the defendant Michigan Cooperative Corp. and managed by the defendant Delkap Management, Inc. (hereinafter together the defendants).
The plaintiff subsequently commenced this personal injury action alleging, among other things, that the defendants made special use of the curb and therefore had a duty to maintain it. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted that branch of their motion, and the plaintiff appeals.
Contrary to the plaintiff's contention, the defendants established, prima facie, that the defective condition which allegedly caused the plaintiff's accident was located on the curb, rather than the sidewalk (see Administrative Code of City of NY §§ 7-210, 19-101[d]; Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521; Alleyne v City of New York, 89 AD3d 970, 971; cf. Buonviaggio v Parkside Assoc., L.P., 120 AD3d 460, 461-462). Moreover, they established, prima facie, that they did not make a special use of the curb in question (see generally Kaufman v Silver, 90 NY2d 204, 207-208; Jordan v City of New York, 23 AD3d 436, 437). In opposition, the plaintiff failed to raise [*2]a triable issue of fact.
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court