Citibank, N.A. v Bailey (2023 NY Slip Op 00777)

Citibank, N.A. v Bailey

2023 NY Slip Op 00777

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, BANNISTER, AND MONTOUR, JJ.

965 CA 22-00002

[*1]CITIBANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF NRZ PASS-THROUGH TRUST VI, PLAINTIFF-RESPONDENT,
v
ARTHUR BAILEY, AS HEIR TO THE ESTATE OF DAVID B. BAILEY, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (KYLE C. DIDONE OF COUNSEL), FOR DEFENDANT-APPELLANT.
ROACH & LIN, P.C., SYOSSET (EDWARD RUGINO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Chautauqua County (Lynn W. Keane, J.), entered November 29, 2021. The order, among other things, denied the motion of defendant Arthur Bailey, as heir to the estate of David B. Bailey, insofar as it sought dismissal of the amended complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted insofar as it sought dismissal of the amended complaint against defendant Arthur Bailey, as heir to the estate of David B. Bailey, and the amended complaint against that defendant is dismissed.
Memorandum: Plaintiff commenced this mortgage foreclosure action in January 2020 against, as relevant on appeal, the mortgagee, David B. Bailey (decedent), and certain "John Does" and "Jane Does" defined in the complaint as "the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint." Plaintiff subsequently discovered that decedent had died in 2018 and made an ex parte application seeking, among other things, to substitute Arthur Bailey, in his capacity as heir to decedent's estate (defendant), as a John Doe defendant and for leave to file an amended complaint. That application was granted in May 2021 and plaintiff subsequently filed and served an amended complaint on defendant. Defendant now appeals from an order that, inter alia, denied his motion insofar as it sought to dismiss the amended complaint against him.
We agree with defendant that his motion should be granted insofar as it seeks dismissal of the amended complaint against him. Defendant correctly contends that he was improperly substituted as John Doe #1 pursuant to CPLR 1024. Inasmuch as the original complaint "fail[ed] to mention decedent's death" and defendant is being sued in the amended complaint in his capacity as an heir to decedent's estate, defendant does not fit within the categories of John and Jane Does set forth in the original complaint and thus cannot be substituted therefor (Wendover Fin. Servs. v Ridgeway, 93 AD3d 1156, 1157-1158 [4th Dept 2012]). Further, although here plaintiff also filed and served an amended complaint on defendant solely in his capacity as heir to decedent's estate and not as a representative thereof (cf. id. at 1157; see generally EPTL 3-3.6 [a], [b]; U.S. Bank Trust N.A. v Gedeon, 181 AD3d 745, 747 [2d Dept 2020]), we agree with defendant that the relevant statute of limitations expired prior to the order granting plaintiff's ex parte application for leave to file the amended complaint (see generally CPLR 213 [4]). We reject plaintiff's contention that defendant lacks standing to assert a statute of limitations defense (see U.S. Bank N.A. v Balderston, 163 AD3d 1482, 1483 [4th Dept 2018]). With respect to the merits of that defense, there is no dispute that the statute of limitations began to run no later than [*2]November 19, 2014, when plaintiff's predecessor-in-interest commenced an earlier mortgage foreclosure action against, inter alia, decedent that was ultimately dismissed on the motion of the defendants (see CPLR 213 [4]; Business Loan Ctr., Inc. v Wagner, 31 AD3d 1122, 1123 [4th Dept 2006]; see generally Freedom Mtge. Corp. v Engel, 37 NY3d 1, 19, 21 [2021], rearg denied 37 NY3d 926 [2021]). Thus, as defendant correctly contends, the six-year statute of limitations expired prior to both the order granting plaintiff's application to amend the complaint and its filing and service of the same on defendant. Supreme Court therefore should have granted defendant's motion insofar as it sought to dismiss the amended complaint against defendant.
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court