Waterfall Victoria Master Fund, Ltd. v Estate of Dennis F. Creese (2023 NY Slip Op 03497)

Waterfall Victoria Master Fund, Ltd. v Estate of Dennis F. Creese

2023 NY Slip Op 03497

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-01478
 (Index No. 512067/14)

[*1]Waterfall Victoria Master Fund, Ltd., respondent,
v
Estate of Dennis F. Creese, etc., et al., defendants; Lincoln Creese, as administrator of the estate of Dennis F. Creese, nonparty-appellant.

Judy T. Campbell, Huntington, NY, for nonparty-appellant.
Stern & Eisenberg, P.C., LaGrangeville, NY (Arsenio Rodriguez of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, Lincoln Creese, as administrator of the estate of Dennis F. Creese, appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated November 21, 2019. The order, insofar as appealed from, denied those branches of his motion which were to vacate an order and judgment of foreclosure and sale (one paper) of the same court dated May 4, 2018, and so much of an order of the same court dated September 18, 2017, as granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the estate of Dennis F. Creese and for an order of reference, and to dismiss the amended complaint insofar as asserted against the estate of Dennis F. Creese, in effect, for lack of personal jurisdiction.
ORDERED that the order dated November 21, 2019 is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of Lincoln Creese, as administrator of the estate of Dennis F. Creese, which were to vacate the order and judgment of foreclosure and sale and so much of the order dated September 18, 2017, as granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the estate of Dennis F. Creese and for an order of reference, and to dismiss the amended complaint insofar as asserted against the estate of Dennis F. Creese, in effect, for lack of personal jurisdiction are granted.
Dennis F. Creese (hereinafter the decedent) died on June 9, 2014. On or about December 19, 2014, the plaintiff commenced this action, inter alia, to foreclose a mortgage on real property owned by the decedent, naming the decedent as a defendant, along with any potential John Does. Prior to the commencement of the action, Lincoln Creese (hereinafter Creese), the decedent's brother, filed a petition with the Surrogate's Court for letters of administration, but the letters did not issue until nearly five years later, on March 7, 2019. Nonetheless, in approximately January 2015, Creese filed a pro se answer purportedly on behalf of the decedent's estate. That answer subsequently was stricken by the Supreme Court.
In approximately June 2016, the plaintiff moved, inter alia, for leave to amend the [*2]complaint to substitute the decedent's estate (hereinafter the Estate) in his place, and to join, among others, Creese as an heir-at-law. The Supreme Court granted the motion, and the plaintiff served Creese, as an heir-at-law, with a supplemental summons and amended complaint. In an order dated September 18, 2017, the court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the Estate and for an order of reference. In an order and judgment of foreclosure and sale dated May 4, 2018, the court granted the plaintiff's motion to confirm the referee's report, confirmed the referee's report, and directed the sale of the property.
After issuance of the letters of administration for the Estate, Creese, in his capacity as administrator of the Estate, moved, inter alia, to vacate the order and judgment of foreclosure and sale, and so much of the order dated September 18, 2017, as granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the Estate and for an order of reference, and to dismiss the amended complaint insofar as asserted against the Estate, in effect, for lack of personal jurisdiction. In an order dated November 21, 2019, the Supreme Court denied the motion. Creese, in his capacity as administrator of the Estate (hereinafter the appellant), appeals.
An action may not be commenced against a dead person, and, thus, an action brought after the person's death must be brought against the personal representative of the decedent's estate (see Federal Natl. Mtge. Assn. v Tudor, 185 AD3d 905, 906; Krysa v Estate of Qyra, 136 AD3d 760, 760; Jordan v City of New York, 23 AD3d 436, 437). Here, although the plaintiff purported to commence the action against the decedent, the Supreme Court subsequently granted the plaintiff's motion, inter alia, to substitute the Estate for the decedent and to join, among others, certain known and unknown heirs. The appellant does not protest the use of substitution pursuant to CPLR 1015(a) under the circumstances (cf. Sokoloff v Schor, 176 AD3d 120, 134; Wendover Fin. Servs. v Ridgeway, 93 AD3d 1156, 1157), but instead contends that the plaintiff was obligated to substitute the representative of the Estate pursuant to CPLR 1015(a), and that the plaintiff failed to do so and failed to obtain jurisdiction over the Estate.
The plaintiff contends that the appellant cannot seek to vacate the order and judgment of foreclosure and sale and any underlying orders because his answer was stricken and he was in default. At the time that Creese filed a pro se answer in approximately January 2015, however, he was not the administrator of the Estate, and the Estate was not a defendant in the action. Thus, his answer could not have constituted an appearance that conferred personal jurisdiction over the Estate pursuant to CPLR 320. Further, the service of the supplemental summons and amended complaint upon Creese as an heir-at-law in October 2016 did not constitute service upon the Estate (see U.S. Bank Trust, N.A. v Gedeon, 181 AD3d 745, 747).
To the extent that the plaintiff argues that the subject branches of the appellant's motion should be denied because the Estate was not an indispensable party, this argument is misplaced. The Estate is a named defendant in the action, the amended complaint sought a deficiency judgment against the Estate, and the order and judgment of foreclosure and sale granted that relief, despite the fact that a representative of the Estate was not appointed until after the order and judgment of foreclosure and sale was entered. Plainly, the appellant has an interest in vacating any order or judgment entered against the Estate, and in having the amended complaint dismissed insofar as asserted against the Estate.
Under these circumstances, where it is undisputed that jurisdiction was not obtained over the Estate, the Supreme Court should have granted those branches of the appellant's motion which were to vacate the order and judgment of foreclosure and sale, and so much of the order dated September 18, 2017, as granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the Estate and for an order of reference, and to dismiss the amended complaint insofar as asserted against the Estate, in effect, for lack of personal jurisdiction.
BARROS, J.P., BRATHWAITE NELSON, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court