Hussain v Chain (2023 NY Slip Op 03455)

Hussain v Chain

2023 NY Slip Op 03455

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-09148
 (Index No. 703348/16)

[*1]Tahera Hussain, respondent,
v
Leon Chain, et al., defendants; Estate of Leon Chain, et al., nonparty-appellants.

Karen W. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for nonparty-appellants.
Surdez & Perez, P.C., Astoria, NY (Kayla E. Bargeron of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the estate of Leon Chain and the estate of Hanka Chain appeal from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered November 20, 2020. The order denied the motion of the estate of Leon Chain and the estate of Hanka Chain to dismiss the complaint insofar as asserted against the defendants Leon Chain and Hanka Chain, and granted the plaintiff's cross-motion, in effect, to substitute Mordechai Wachtel Ziv, as executor of the estate of Leon Chain, as a defendant in place of the defendant Leon Chain, and to substitute Mordechai Wachtel Ziv, as executor of the estate of Hanka Chain, as a defendant in place of the defendant Hanka Chain, and for leave to serve a supplemental summons and amended complaint to reflect the substitutions.
ORDERED that the order is reversed, on the law, with costs, the motion of the estate of Leon Chain and the estate of Hanka Chain to dismiss the complaint insofar as asserted against the defendants Leon Chain and Hanka Chain is granted, and the plaintiff's cross-motion, in effect, to substitute Mordechai Wachtel Ziv, as executor of the estate of Leon Chain, as a defendant in place of the defendant Leon Chain, and to substitute Mordechai Wachtel Ziv, as executor of the estate of Hanka Chain, as a defendant in place of the defendant Hanka Chain, and for leave to serve a supplemental summons and amended complaint to reflect the substitutions, is denied.
The plaintiff alleges that she was injured when she tripped and fell on January 13, 2015, while walking on a sidewalk in front of a parcel of real property located in Queens. In March 2016, the plaintiff commenced this action to recover damages for personal injuries against, among others, Leon Chain and Hanka Chain, the owners of record of the property.
In March of 2020, the estate of Leon Chain and the estate of Hanka Chain (hereinafter together the estates) moved to dismiss the complaint insofar as asserted against the defendants Leon Chain and Hanka Chain on the ground that the action was a nullity insofar as asserted against those defendants because those defendants had died before the commencement of the action. In support of the motion, the estates submitted a death certificate which demonstrated that Leon Chain died on December 15, 2011, and a death transcript which demonstrated that Hanka Chain died on March 3, [*2]2009.
The plaintiff cross-moved, in effect, to substitute Mordechai Wachtel Ziv, as executor of the estate of Leon Chain, as a defendant in place of the defendant Leon Chain, and to substitute Ziv, as executor of the estate of Hanka Chain, as a defendant in place of the defendant Hanka Chain, and for leave to serve a supplemental summons and amended complaint to reflect the substitutions. In support of the cross-motion the plaintiff submitted a letter dated May 23, 2016, sent by the Allstate Insurance Company to the plaintiff's counsel notifying the plaintiff's counsel that Leon Chain and Hanka Chain had died before the commencement of the action. The plaintiff also submitted a copy of a petition to appoint Ziv as executor of the estate of Leon Chain.
In an order entered November 20, 2020, the Supreme Court denied the estates' motion and granted the plaintiff's cross-motion. The estates appeal.
"A party may not commence a legal action or proceeding against a dead person" (Jordan v City of New York, 23 AD3d 436, 437). The deaths of Leon Chain and Hanka Chain (hereinafter together the decedents) prior to the commencement of this action rendered the action, insofar as asserted against them, a legal nullity from its inception. The plaintiff was instead required to commence an action against the personal representative of the decedents' estates (see Matter of Foreclosure of Tax Liens, 165 AD3d 1112, 1116; Krysa v Estate of Qyra, 136 AD3d 760, 760). Moreover, even assuming that Ziv was the duly appointed executor of each of the decedents' estates, the decedents were never a party to the action since they died before the commencement of the action, and the decedents' estates could not be brought into the action by substitution or by amendment of the caption (see CPLR 1015[a]; 1021; Sokoloff v Schor, 176 AD3d 120, 134; Krysa v Estate of Qyra, 136 AD3d at 761; Wendover Fin. Servs. v Ridgeway, 93 AD3d 1156, 1157-1158; Marte v Graber, 58 AD3d 1, 4). The plaintiff's attempt to amend the complaint to designate the purported executor of the decedents' estates as a defendant in the place of the decedents was invalid and ineffective to retroactively render the action properly commenced against the decedents' estates (see Matter of Foreclosure of Tax Liens, 165 AD3d at 1117; Krysa v Estate of Qyra, 136 AD3d at 761; Rivera v Bruchim, 103 AD3d 700; Marte v Graber, 58 AD3d at 4).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the estates' motion to dismiss the complaint insofar as asserted against the decedents, and should have denied the plaintiff's cross-motion, in effect, to substitute Ziv, as executor of the estates, as a defendant in place of the decedents, and for leave to serve a supplemental summons and amended complaint to reflect the substitutions.
BRATHWAITE NELSON, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court