Butler v Russo (2024 NY Slip Op 02034)

Butler v Russo

2024 NY Slip Op 02034

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2019-14164
 (Index No. 101325/15)

[*1]Marie Butler, appellant, 
v
John S. Russo, defendant.

Jonathan D'Agostino & Associates, P.C., Staten Island, NY (Glen Devora of counsel), for appellant.
Zachary & Zachary, P.C., Staten Island, NY (Deborah C. Zachary of counsel), former counsel for defendant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated August 27, 2019. The order, in effect, directed dismissal of the complaint as a nullity.
ORDERED that the order is affirmed, without costs and disbursements.
In January 2014, the plaintiff allegedly was injured when the vehicle in which she was a passenger collided with a vehicle operated and owned by the defendant. In October 2015, the plaintiff commenced this action against the defendant. Thereafter, the plaintiff discovered that the defendant had died in September 2014, approximately 13 months prior to the filing of the summons and complaint. In an order dated August 27, 2019, the Supreme Court, in effect, directed dismissal of this action as a nullity. The plaintiff appeals.
It is well established that the dead cannot be sued, and thus, this action was a nullity from its inception (see Marte v Graber, 58 AD3d 1, 3; Jordan v City of New York, 23 AD3d 436, 437). "A party may not commence a legal action or proceeding against a dead person, but must instead name the personal representative of the decedent's estate" (Jordan v City of New York, 23 AD3d at 437; see Hussain v Chain, 217 AD3d 929, 930). In light of our determination, we need not reach the remaining contentions.
Accordingly, the Supreme Court properly, in effect, directed dismissal of this action.
LASALLE, P.J., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court