US Bank Natl. Assn. v Unknown Heirs-At-Law of the Estate of James Williams

2026 NY Slip Op 02867

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

US Bank National Association, etc., appellant,

v

Unknown Heirs-At-Law of the Estate of James Williams, deceased, et al., defendants, Lyberty 18805 Corp., respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2023-07992, (Index No. 713176/20)

Mark C. Dillon, J.P.

William G. Ford

Deborah A. Dowling

Susan Quirk, JJ.

J. Robbin Law, PLLC, Armonk, NY (Austin O'Brien and Jonathan M. Robbin of counsel), for appellant.

Charles R. Cuneo, P.C., Huntington, NY, for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Maurice E. Muir, J.), entered June 7, 2023. The order, insofar as appealed from, denied the plaintiff's motion, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale, granted those branches of the cross-motion of the defendant Lyberty 18805 Corp. which were pursuant to CPLR 5015(a) to vacate all prior orders issued in the action and to dismiss the amended complaint, and granted that defendant's motion pursuant to CPLR 5015(a) to vacate all prior orders issued in the action and to dismiss the amended complaint.

ORDERED that the order is affirmed insofar as appealed from, with costs.

In April 2008, James Williams (hereinafter the decedent) executed a note in the principal sum of $627,000, which was secured by a mortgage on certain real property located in Elmhurst. On April 24, 2009, the decedent died.

In January 2010, the plaintiff's predecessor in interest commenced this action against the decedent, among others, to foreclose the mortgage. The plaintiff's predecessor in interest moved, inter alia, for leave to file a supplemental summons and complaint and to serve the decedent's unknown heirs by publication. The Supreme Court denied the motion without prejudice to renew and stayed the action pending the appointment of a representative of the decedent's estate. By decree dated December 22, 2015, the Surrogate's Court appointed Loreen Williams (hereinafter Loreen) as the administrator of the decedent's estate.

After a series of assignments, the mortgage was assigned to Wilmington Trust, National Association, as Trustee of ARLP Securitization Trust (hereinafter ARLP). In September 2016, Loreen, along with James Anthony Williams, as the "sole surviving heirs of James Williams," transferred the property to the defendant Lyberty 18805 Corp. (hereinafter Lyberty).

ARLP moved, among other things, to be substituted as the plaintiff, to amend the caption to replace the decedent with the "Unknown Heirs of the estate of James Williams," to add [*2]Lyberty as a defendant, and for leave to serve a supplemental summons and amended complaint on the defendants. By order dated December 20, 2018, the Supreme Court, inter alia, granted the motion. ARLP subsequently filed and served a supplemental summons and amended complaint. Lyberty interposed an answer, asserting several affirmative defenses and a counterclaim.

ARLP moved, among other things, for summary judgment on the amended complaint, to strike Lyberty's answer, affirmative defenses, and counterclaim, for an order of reference, and to amend the caption to substitute the plaintiff for ARLP. By order dated October 31, 2019, the Supreme Court granted ARLP's motion.

Thereafter, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. Lyberty opposed the motion and cross-moved, among other things, pursuant to CPLR 5015(a) to vacate all prior orders issued in the action and to dismiss the amended complaint on the ground that the action was a legal nullity due to the decedent's death prior to commencement of the action. In April 2021, Lyberty again moved pursuant to CPLR 5015(a) to vacate all prior orders issued in the action and to dismiss the amended complaint on the same ground. By order entered June 7, 2023, the Supreme Court, inter alia, denied the plaintiff's motion, granted those branches of Lyberty's cross-motion, and granted Lyberty's motion. The plaintiff appeals.

"'A party may not commence a legal action or proceeding against a dead person'" (Hussain v Chain, 217 AD3d 929, 930, quoting Jordan v City of New York, 23 AD3d 436, 437; see Fed. Natl. Mtge. Assn. v Tudor, 185 AD3d 905, 906). "Thus, where a mortgagor dies prior to the commencement of a foreclosure action, the action is a 'legal nullity,' insofar as asserted against the deceased mortgagor'" (Fed. Natl. Mtge. Assn. v Tudor, 185 AD3d at 906, citing Citigroup Global Mkts. Realty Corp. v LaGreca, 167 AD3d 842). Therefore, this action was a legal nullity from inception, insofar as asserted against the decedent, the sole property owner and mortgagor at the time of commencement (see id.). Further, amending the caption to include the decedent's unknown heirs did not serve to effectuate jurisdiction over the decedent's estate (see id.).

Accordingly, the Supreme Court properly granted those branches of Lyberty's cross-motion which were pursuant to CPLR 5015(a) to vacate all prior orders issued in the action and to dismiss the amended complaint, and properly granted Lyberty's motion pursuant to CPLR 5015(a) to vacate all prior orders issued in the action and to dismiss the amended complaint (see id.; Citigroup Global Mkts. Realty Corp. v LaGreca, 167 AD3d at 842).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

DILLON, J.P., FORD, DOWLING and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court